## GEORGE GREGG *v.* TOWN OF WEATHERSFIELD.

### *Consideration.   Vote of Town.   Compromise.*

In an action of assumpsit based on a vote of the town, where the plaintiff offered to prove that he was injured while travelling on the highway through its insufficiency; that he gave notice of his injuries, in proper form, within *thirty* days, instead of *twenty;* that he was misled respecting the time within which such notice should be given by information given him, on which he relied, by *one* of the selectmen of the town; that at a legally warned meeting of the voters of the town, the plaintiff presented his claim for damages, insisting that the defendant could not take advantage of the defect in the notice, and that thereupon the town voted to pay him $200 ; which offer of evidence was rejected by the court below, and a verdict ordered for the defendant. *Held,* that defendant was not responsible for the misinformation given by *one* of its selectmen; that the vote was not a compromise, as there was no mutual yielding of opposing claims; and no consideration for the vote.

ASSUMPSIT.   Plea, general issue.   Trial by jury, December Term, 1882, TAFT, J., presiding.   Verdict ordered for the defendant.   The case is stated in the opinion.

*Gilbert A. Davis,* for the plaintiff.

A corporation has power to settle disputed claims against it. 1 Dillon Corp. s. 477 ; *Bean* v. *Jay,* 23 Me. 117 ; 14 Ill. 193 ; 7 Pick. 18 ; 9 Pick. 298 ; 14 Johns. 330.   In *Hanover* v. *Eaton,* 3 N. H. 32, it was held that the selectmen acting as overseers may bind their town not to take advantage of a defect in a notice respecting a pauper.   Same principle held in *Embeden* v. *Augusta,* 12 Mass. 307 ; 16 Mass. 102 ; *Augusta* v. *Leadbeater,* 16 Me. 48.

The compromise of a disputed claim *fairly made* is a good consideration for a promise, and it makes no difference should it ultimately appear that the claim was wholly without foundation.   *Allis* v. *Billings,* 2 Cush. 21 ; *Ormsbee* v. *Howe,* 54 Vt. 186 ; *Blake* v. *Peck,* 11 Vt. 483 ; *Morgan* v. *Adams,* 37 Vt. 233 ; *Russell* v. *Cook,* 3 Hill, 204 ; *Costar* v. *Brush,* 25 Wend. 628 ; *Steele* v.

25

*White*, 2 478; Paige, *Logridge* v. *Dorville*, 5 B. & Ald. 117; *Cross* v. *Richardson*, 30 Vt. 641; *Booth* v. *Fitzpatrick*, 36 Vt. 681.

*W. M. Pingry* and *W. E. Johnson*, for the plaintiff.

The liability of towns for injury arises from statute and not the common law. *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 123; *Hyde* v. *Jamaica*, 27 Vt. 443; *Kent* v. *Lincoln*, 32 Vt. 595. The question then arises, Can the town vote money to an indidvual who has no claim? The only purposes for which towns can vote a tax and appropriate money are as set forth in section 2751, R. L.; for the support of the poor, for laying out and repairing highways, for the prosecution and defence of the common rights and interests of the inhabitants, and for other incidental town expenses. Under these provisions it has been held in *Drew* v. *Davis, et al.*, 10 Vt. 506, that a town could not lay a tax and appropriate money to build a jail. *Wheelock* v. *Hardwick*, 48 Vt. 19; *Underhill* v. *Washington*, 46 Vt. 772.

The opinion of the court was delivered by

POWERS, J. The plaintiff offered evidence tending to prove that, without fault on his part, he had suffered damage by reason of the insufficiency of a highway in the defendant town, which the town was bound by law to keep in repair; that he gave a written notice of such injury to the town, proper in form, within thirty days of the happening of the accident, but not within twenty days as the law requires; and that he was misled respecting the time within which such notice should be given by information given him, on which he relied, by one of the selectmen of the defendant town; that under these circumstances, a legal meeting of the voters of the defendant town was warned and holden, at which the plaintiff presented his claim for damages for the injuries aforesaid, and insisted that the town could not take advantage of the defect in the notice, and thereupon the town voted to pay him the sum of $200, but had refused to give him an order or otherwise pay said sum.

Gregg v. Weathersfield.

This action is predicated upon said vote and not upon the original cause of action ; and it is argued on the one hand that the promise is wholly without consideration inasmuch as the failure to give seasonable notice of the injury wholly invalidated the plaintiff's right of action ; and on the other, that the promise to pay was a compromise of a doubtful claim, and therefore rested on good consideration. The misinformation of one of the selectmen was not a statement or declaration for which the town is responsible. It was the act of the minority of the board and not within the scope of official duty.

The plaintiff has now the same right to bring suit upon his original claim that he had before said vote was passed. He has done, or omitted to do, nothing that bars his right. He has parted with nothing of value, suffered no detriment nor forborne the exercise of any right, by reason of said vote. A compromise imports a mutual yielding of opposing claims, the surrender of some right or claimed right in consideration of a like surrender of some counter claim. If the right surrendered is of doubtful validity, or indeed of no validity at all, its surrender may be a valuable consideration for a promise. But something more must be shown than the mere existence of the claim. The plaintiff does not say in his proposed evidence that he forbore to sue his claim, relying on the defendant's promise to pay. Waiving the question of the power of a town to pay out money upon invalid claims of this character—a question we do not decide—the plaintiff would have stated a cause of action if he had offered evidence that he forbore to take contemplated legal proceedings to enforce his claim by reason of the action of the town. Says COCKBURN, Ch. J., in *Callisher* v. *Bischoffsheim*, L. R. 5 Q. B. 449 : " The authorities clearly establish that if an agreement is made to compromise a disputed claim, forbearance to sue in respect to such claim is a good consideration, and whether proceedings to enforce the disputed claim have or have not been instituted makes no difference. If the plaintiff *bona fide* believes he has a fair chance of success, he has a reasonable ground for suing, and his forbearance to sue will constitute a good consideration." The proposed evidence disclosed no consideration for the vote. The judgment is affirmed.