No. 11,151.

*ROSALIE MARSANT, *Appellant,* v. JOHN M. MARSANT, Jr., et al., *Appellees.*

Appeal from Clay district court. Opinion filed July 8, 1899. Affirmed.

*F. B. Dawes, Frank Harkness,* and *L. H. Wulfekuhler,* all of Leavenworth, for the appellant.

*C. C. Coleman,* and *F. L. Williams,* both of Clay Center, for the appellees.

*Per Curiam:* This was an action brought by Rosalie Marsant, as plaintiff, against John M. Marsant, jr., and others as heirs of John M. Marsant, sr., deceased, defendants, for the construction of the terms of a will and for an adjudication that she be entitled to certain real property devised by the will to the exclusion of the defendants, who claimed as heirs of the deceased testator. John M. Marsant, sr., died leaving a last will in which a quarter section of land was devised to his son, Cyrille Marsant, but whether the devise made was of the fee or of a life estate only, became a subject of dispute between the devisee on the one side and the remaining children and heirs of the testator on the other. By the terms of the will the devisee and the estate, whether in fee or for life, were charged with the payment of certain legacies to several of the testator's children. Some of these legacies as originally written in the will were one hundred dollars each, but had been changed in amount to one dollar. Whether this change had been made by the testator or by some one after his death was not known, but was a subject of dispute among the interested parties.

* NOTE—This case was not reported in full when the opinion was filed (See 60 Kan. 859), and is reported here because it was cited in the case of *Bottom v. Harris,* ante, p. 7.

The dispute as to this and as to the proper construction of the will resulted in a compromise made for the purpose of settling the rights of the parties and avoiding litigation. The terms of the compromise were reduced to writing and signed by all the parties. By this writing the construction of the will contended for by the heirs, the defendants in the court below, was agreed to by the devisee of the will and his wife Rosalie, the plaintiff in error. On the side of the heirs the claim of alteration or spoliation of the will was abandoned and agreement made that the legacies charged in the will should be only one dollar each. Soon after the making of this agreement the devisee, Cyrille Marsant, died, and his widow, Rosalie, as his sole heir thereupon instituted the action before stated. The defendants set up the compromise agreement before mentioned and also denied the construction of the will claimed by the plaintiff. The plaintiff replied lack of consideration for the making of the compromise agreement and also fraud and duress in procuring its execution. The case was tried to the court, which found in favor of the defendants. This finding is conclusive upon us as to all disputed questions of fact. The matters of fraud and duress upon the part of the defendants in procuring the execution of the compromise agreement are not therefore open to us. The question as to the proper interpretation of the will would be perhaps open to us if we were not concluded by the making of the agreement between the parties in which they interpreted it for themselves. The plaintiff, however, contends that this agreement was without consideration and therefore not binding. She contends that there was no compromise—that she and her husband acceded to the opposing theory of interpretation of the will in all respects; that there were no mutual concessions, but, on the other hand, an absolute recession upon the one side, and that such recession without consideration was not binding. (*Gregg v. The City of Weathersfield*, 55 Vt. 385; *Bellows v. Sowles*, 55 Vt. 391.) So far as any moneyed or property consideration is concerned there was none given by defendants to the plaintiff or her husband for the execution of the agreement by them. There was, however, that which is of the same nature and equally as good. There was an abandonment of the claim that the legacies to be paid by Cyrille Marsant were one hundred

dollars each and an agreement that they were in truth but one dollar and that the will should stand in that respect as it appeared on its face notwithstanding the claimed alteration. The making of this concession and the abandonment of threatened litigation were without doubt sufficient legal considerations for the making of the compromise agreement.

It was also claimed that the court erred in ruling the burden of proof upon the plaintiff and also erred in holding that the defendants were competent to testify to conversations had with John M. Marsant, sr., in his lifetime. We have examined these and one or two other minor claims of error. They are however, without merit.

The judgment of the court below is affirmed.