MANN *v.* BOARD OF EDUCATION OF CITY OF DETROIT.

1. MASTER AND SERVANT—ACCIDENT—OUT OF AND IN COURSE OF EM-
   PLOYMENT.
   An accident must arise not only out of but in the course of em-
   ployment to be compensable.

2. SAME—HIGH SCHOOL PRINCIPAL EN ROUTE TO UNIVERSITY—MU-
   TUAL BENEFIT.
   Death of high school principal from injuries received in automo-
   bile accident while *en route* to visit university upon latter's
   invitation to review records of graduates from his high school
   arose out of and in course of his employment where his super-
   intendent recognized value to school and was willing that prin-
   cipal make such voluntary visit on school time at his own ex-
   pense, such visits being of mutual value to school and principal.

Appeal from Department of Labor and Industry.
Submitted January 19, 1934. (Docket No. 110, Cal-
endar No. 37,487.) Decided March 6, 1934.

Alice J. Mann and Leone Mann presented their
claim for compensation, as dependents, against
Board of Education of City of Detroit for the acci-
dental death of LaVerne B. Mann while in defend-
ant's employ. Award to plaintiffs. Defendant
appeals. Affirmed.

*L. J. Carey,* for plaintiffs.

*Raymond J. Kelly,* Corporation Counsel, and
*James R. Walsh,* Assistant Corporation Counsel,
for defendant.

WIEST, J. LaVerne B. Mann was principal of the
Eastern High School in the city of Detroit. Decem-
ber 8, 1932, while on his way to Ann Arbor he met
with an automobile accident and received fatal in-
juries. He was traveling in response to an invita-

tion from the registrar of the university of Michigan to visit Ann Arbor on that day and confer with freshmen at the university who had graduated from the school of which he was principal. The scheme of having high school principals visit the university and meet former graduates and "check on the records of their graduates, so that if there was any weak spot in the preparation of these students for university work it might be checked on and corrected," originated with the university officers and attendance thereat was wholly voluntary. The Detroit board of education is subject to the workmen's compensation law, and dependents of the deceased applied for compensation on the ground that the accident arose out of and in the course of Mr. Mann's employment as principal of defendant's high school. The award was denied by a deputy commissioner but, upon appeal to the full board, an award was made and review by appeal in the nature of certiorari is prosecuted by defendant.

Under our decisions an accident to be compensable must not only arise out of the employment but as well in the course of the employment. *Tackles* v. *Bryant & Detwiler Co.*, 200 Mich. 350; *Buvia v. Oscar Daniels Co.*, 203 Mich. 73 (7 A. L. R. 1301); *Glenn* v. *Reynolds Spring Co.*, 225 Mich. 693 (36 A. L. R. 1464); *Favorite* v. *Kalamazoo State Hospital*, 238 Mich. 566; *Van Sweden* v. *Van Sweden*, 250 Mich. 238.

In *Stocker* v. *Southfield Co.*, 244 Mich. 13, we made the same holding and marked the line of demarcation between the two terms as follows:

" 'Out of' points to the cause or source of the accident, while 'in the course of' relates to time, place, and circumstances."

Mr. Mann was under no compulsion to attend the meeting. His superior officer, the superintendent, recognized the benefit to the school system in having him attend, and was willing that he go without leave and on school time, but at his own expense.

One purpose of high school education is to equip graduates for entry to the university and the meeting was in the nature of a survey of practical results of such purpose. The scheme was of intended benefit to the high school system as well as to principals in charge thereof. Attendance, while voluntary, arose out of employment as a principal and we can readily so hold, but whether such voluntary attendance was in the course of the employment as principal is a more difficult question.

In *Stockley* v. *School District No. 1 of Portage Township*, 231 Mich. 523 (24 N. C. C. A. 170), we stressed the fact that an injured person was about an act required by school law because such was the fact, but did not constitute such fact, *sine qua non*. At the time of the accident Mr. Mann was not exercising a personal privilege wholly apart from his employment or his employer's interest, but was about the performance of an act, incident to and recognized as of value by his superior in connection with high school purposes.

In *Smith* v. *Seamless Rubber Co.*, 111 Conn. 365 (150 Atl. 110, 69 A. L. R. 856), the thought we have in mind is well expressed:

. "Where an employer merely permits an employee to perform a particular act, without direction or compulsion of any kind, the purpose and nature of the act becomes of great, often controlling significance in determining whether an injury suffered while performing it is compensable. If the act is one for the benefit of the employer or for the mutual

benefit of both an injury arising out of it will usually be compensable; on the other hand, if the act being performed is for the exclusive benefit of the employee so that it is a personal privilege or is one which the employer permits the employee to undertake for the benefit of some other person or for some cause apart from his own interests, an injury arising out of it will not be compensable.''

Under the facts and applicable law we think the injury arose out of and in the course of Mr. Mann's employment.

Affirmed, with costs to plaintiffs.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.