233 P.2d 833

GARDNER v. INDUSTRIAL COMMIS-
SION et al.

No. 5487.

Supreme Court of Arizona.

July 13, 1951.

Axline & Shelley, of Holbrook, for petitioner.

Robert E. Yount, Phoenix, H. S. McCluskey and Donald J. Morgan, Phoenix, of counsel, for respondent Industrial Commission of Arizona.

LA PRADE, Judge.

Review by certiorari challenging the award of the Industrial Commission denying claims of widow and minor children for benefits under the Workmen's Compensation Act, A.C.A.1939, § 56–901 et seq., on account of the death of Elmer Leslie Gardner, husband and father, respectively, of claimants. Deceased was employed by the town of Holbrook, Arizona, as town clerk at the time of his death on February 11, 1950. Benefits under the Act were denied upon the ground that the death by accident did not arise out of and in the course of the employment.

Briefly, the facts disclose that Mr. Gardner's death grew out of an airplane accident at a time when he was returning from Yuma, Arizona, to Holbrook. No question is made of the fact that he was traveling by the most direct route and that travel by aircraft is an accepted means of travel. At the time of, and for some years prior to, his death Mr. Gardner occupied the office of town clerk, chief administrative and public relations officer of the town. As chief administrative officer of the town, he was in charge of the town's proprietary businesses, to-wit: electric light and power system, water and sewerage systems. The evidence discloses that a large proportion of the taxable real estate in said town is supported by tourist trade and that a considerable portion of the revenue from its proprietary enterprises is directly due to the tourist business within

the town. It is also worthy of noting that the various municipalities of the state receive a distributive share (10%) of all privilege taxes (sales taxes) collected under the Excise Revenue Act of 1935 in proportion to their population. See Section 73-1322, A.C.A.1939 Cum.Supp., as amended by Initiative Measure Sec. 1, 1942. It is a matter of common knowledge, of which this court takes judicial notice, that the economy of all the towns in northern Arizona along U. S. Highway 66 is geared into and largely dependent upon tourist business. America is a nation on wheels. A town's hotels, motor inns, restaurants, gasoline filling stations, garages, allied industries and services are an integral part of and essentially necessary in making it possible for the traveling public to cross the nation with the ease and facility that the American public demands. To meet the demands placed upon it, the common council and chamber of commerce of the town were very attentive and sensitive to its obligation and the opportunities afforded. The deceased, in addition to his duties as chief administrator of the town's proprietary functions, was also its public relations officer. It was in connection with forwarding these activities of the town that Mr. Gardner attended a convention of the Secretaries of Chambers of Commerce of the towns and cities of Arizona, which was held at Yuma. In connection with attending this meeting, Mr. Gardner went in the company of Mr. Arthur E. Austin, who was Secretary of the Chamber of Commerce of Holbrook and who piloted the airplane in which they were traveling at the time of the fatal accident.

Prior to leaving on the trip, Mr. Gardner had secured the individual consent of the mayor and members of the common council. The evidence shows definitely that the mayor had been given (prior to the authorization to Mr. Gardner to make the trip to Yuma) full authority by the common council to authorize any and all action on behalf of the town in which large expenditures were not involved. Subsequent to the death of the deceased, the town council passed a formal resolution ratifying the trip of Mr. Gardner and authorizing payment of the expenses incurred by him, and his salary to and including the date of his death.

It is the contention of the respondent, Industrial Commission, that the town council was without jurisdiction under the law to ratify the oral authorization of the mayor in order to bring the claims in question within the requirements of the compensation law. In this behalf, respondent calls attention to the fact that at a regular meeting of the town council held on February 8th (two days prior to the departure of Mr. Gardner), no formal action or authorization was taken authorizing the trip. This deficiency in the record was explained by the fact that at this regular meeting on February 8th, and shortly after it began, the mayor was called from the meeting due to

a death in his family, and that as a result thereof, there was some confusion and lack of attention to details.

The position of the Industrial Commission is bottomed solely upon the proposition that there was no formal authorization by resolution made and adopted prior to the time that the trip was undertaken. It is conceded by the commission that the interests of the town and the Holbrook Chamber of Commerce are identical in many respects but it insists the town is a governmental agency and that the powers of municipalities and their officers are statutory and there being no specific provision authorizing ratification of a trip as here, there is no basis for holding that the death by accident arose out of and in the course of the employment.

The town of Holbrook is a municipal corporation duly incorporated under Article 2, Chapter 16, A.C.A. 1939, and its corporate powers are vested in a common council as provided by Section 16-203, and having the powers enumerated in Section 16-207, as amended by chapter 111, Laws of 1949, see Cum.Supp., and the additional general powers enumerated in Article 6, Chapter 16, Sections 16-601 to 16-614. Under its general powers, the town was authorized to engage in the proprietary functions above referred to, both as owner and operator. By the provisions of Section 16-607 the town was authorized to appropriate and spend moneys for the purpose of encouraging new industries and investments in the town "and to print and distribute books, pamphlets and maps advertising the advantages of said city or town, and the common council may pay said sum to the chamber of commerce, board of trade, or other commercial organization of said city or town to be expended for the purposes herein enumerated." For an interpretation of this section, see City of Tucson v. Tucson Sunshine Climate Club, 64 Ariz. 1, 164 P.2d 598. See, also, City of Glendale v. White, 67 Ariz. 231, 194 P.2d 435.

We are of the opinion that the action of the common council in ratifying the trip and the expenses involved was clearly within the power of the council and furnishes the formal legal foundation to constitute the business activity in which the deceased was engaged at the time of his death as being in the course of his employment. It is inconceivable that any municipality could operate and maintain its business enterprises with the necessary business dispatch required if its administrative officers first had to secure formal approval of the town council before taking any affirmative action in routine or emergency situations. The mayor, as the chief executive officer of the city, had the implied authority to authorize deceased, the town's chief administrative and public relations officer to attend the meeting of the Secretaries of Chambers of Commerce and the express authority to authorize the payment of expenses therefor. In this activ-

ity, the deceased was promoting the best interest of the town. This is especially true, in view of the fact that the town's revenues were chiefly derived from the operation of its utilities largely dedicated to the business activities of the community which had their roots in the tourist business. The following statement is applicable:

"When given authority to do so a governmental entity is expected to perform a proprietary function under like rules and regulations as those pursued by *private individuals*. No one would contend that a private or a public service corporation would be barred from entering into an exclusive contract like that involved here if the necessities of its business required. When county commissioners are clothed with a proprietary function wherein they are responsible to the public for prompt and efficient service, it necessarily follows that they must be clothed with power to enable them to meet such requirements and we think the act in question does this.. * * *

"When a governmental entity is authorized to exercise a power purely proprietary, the law leans to the theory that it has full power to perform it in the same efficient manner *as a private person* would do." (Emp. sup.) Miami Beach Airline Service v. Crandon, 159 Fla. 504, 32 So.2d 153, 155, 172 A.L.R. 1425.

We do not believe that a private utility, reasonably operated with the idea of making money and rendering service, would thwart its aims and hamstring its administrative officers by requiring such a trip as here undertaken to first have the approval of the board of directors formally assembled and recorded. In any event, when such activity had received the ratification of such a board of directors, the book would be closed.

■ With the concepts expressed in the excerpt from the Florida case, supra, we are in accord. When a municipality is clothed with proprietary functions wherein it is responsible to the public for prompt and efficient service, it necessarily follows that it and its officers must be and are clothed with power to enable them to meet such requirements as the business at hand requires. Nowhere by express statutory requirement nor by reasonable implication is a meeting of the town council and a formal vote or authorization made an indispensable predicate for the exercise of the power that is vested in the mayor as chief executive officer of the town in authorizing its chief administrative officer to attend the meeting in question in the promotion and administering of the town's business enterprises. See Bentley v. Industrial Commission, 71 Ariz. 181, 225 P. 2d 43; on rehearing 71 Ariz. 330, 227.P.2d 224; Voswinkel v. Industrial Commission, 229 Wis. 589, 282 N.W. 62; Town of Fair Haven v. Stannard, 111 Vt. 49, 10 A.2d 214; Mann v. Board of Education of City of Detroit, 266 Mich. 271, 253 N.W. 294;

Sexton v. Waseca County, Minn., 1 N.W. 2d 394.

For the reasons herein set forth, we are of the opinion that the Commission erred in determining that the deceased at the time of his death was not killed by accident arising out of and in the course of his employment.

Accordingly, the award is set aside.

UDALL, C. J., and STANFORD and PHELPS, JJ., concurring.

DE CONCINI, Justice (dissenting).

This court has said on a number of occasions that the Workmen's Compensation Law was not designed to afford the protection of accident and death benefit insurance. The overruling of the Commission's award in this instance appears to me to be a reversal of that policy.

The Town council of Holbrook met in regular session February 8, 1950, two days before the fatal accident in question. The council met again in a regular meeting March 8, 1950. In neither one of those meetings was there any authorization for, or ratification of, the deceased's trip to Yuma. Then in a *special* meeting held March 22, 1950, a correcting entry in the minutes of February 8 was made authorizing the deceased to make the trip. Such a correcting entry is tantamount to an order nunc pro tunc. Such an order is void if no mention of it was made or action on it was taken at the February 8th meeting. Stephens v. White, 46 Ariz. 426, 51 P.2d 921.

Now as to the oral authorization of the mayor; he testified as follows: "A. Well, I wouldn't say I gave him any definite instructions other than that he asked me if he might make the trip and that he would represent the Town of Holbrook in the event anything pertaining to towns in general came up at the Chamber of Commerce meeting." (r.t. 7–13–50, p. 9.)

Counsel then adroitly led him into the following: "Q. In other words he was authorized to go and represent the Town of Holbrook? A. He was."

From such contrary testimony the commission may have doubted whether any verbal authority was given.

However, the real question at stake here, is whether such verbal authorization is valid in law.

The Town of Holbrook is a municipal corporation existing by virtue of article 2, Chapter 16, A.C.A. 1939. Its powers are granted by law and it can exercise them only as provided by law. Woodward v. Fox West Coast Theaters, 36 Ariz. 251, 284 P. 350. The verbal authorization and subsequent ratification are not within its statutory powers.

In the next to the last paragraph of the majority opinion five cases are cited. Only one of them comes near the point and in that instance the court held that the sheriff had the authority to deputize the injured person, Sexton. See Sexton v. Waseca County, supra. None of the cases deal with a municipal corporation exceeding its statutory authority. The majority opinion also cites Bentley v. Industrial Commission. It is my opinion that the Bentley case holds exactly opposite to the majority opinion. The majority may cite it with the view that the deceased here was in the same position as Collins in the Bentley case. From my viewpoint they cannot be compared by any stretch of the imagination.

It is commendable that the city council of the Town of Holbrook would like to benefit the beneficiaries of the deceased, but they should do it with the money of the Town of Holbrook and not the Workmen's Compensation Fund. The old maxim of "you must be just before you are generous" applies equally to the compensation fund as to other monies.

Justice Stone dissenting in the Sexton v. Waseca County case, supra [1 N.W.2d 395,] said: "Because ethically this decision seems right, it is not an agreeable task to dissent on the ground that it is legally wrong."

I find myself in a similar position. Nevertheless, I dissent.