309 P.2d 257

James Howard BUICK, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Defendant Insurance Carrier, and City of Phoenix, Defendant Employer, Respondents.

No. 6327.

Supreme Court of Arizona.

April 2, 1957.

**130**

Alfred B. Carr, Phoenix, for petitioner.

John R. Franks, Phoenix, Donald J. Morgan, Robert K. Park, Phoenix, and James D. Lester, Tucson, of counsel, for respondent Industrial Commission.

UDALL, Chief Justice.

Review .by certiorari of an award of respondent, The Industrial Commission of Arizona, denying compensation to petitioner James Howard Buick. The sole issue presented is whether the facts show an injury by accident arising out of and occurring in the course of his employment.

The facts leading up to the accident are nowise in dispute. On and prior to March 5, 1955, petitioner was a police patrolman of the city of Phoenix, then working the hours from 6 a. m. to 2 p. m. Following completion of his shift of duty, he went home and changed from his uniform to civilian clothes. There he met his wife and child and also some friends by the name of Porter, and it was decided that the party go up to Squaw Peak, which is outside the city limits, to have a picnic or barbecue. Petitioner carried with him on this trip a .22 automatic pistol, which was not the type of regulation pistol used while on patrol duty. In response to a question on the workman's report of injury and application for benefits under the workmen's compensation law (filed on March 2, 1956), viz.:—"State Fully how accident occurred and describe nature and extent of injury"— petitioner gave the following graphic account of the accident, which statement also incorporates his theory of why compensation should be allowed:

"I was 'off duty' on a picnic, building rock fireplace. When I stooped to put rock in place, pistol fell out of holster, struck on rock and discharged. Bullet struck me in right chest, went through body, severed spinal *chord* [sic] and lodged in *chord* [sic] in center of back. As a city police officer and a county deputy sheriff I was responsible, when 'off duty', for taking proper police action on any matter coming to my at-

tention at any time, and was required to be armed at all times in order to carry out that responsibility. I am permanently paralyzed from the waist down."

The City of Phoenix, acting through its chief of police, took the position that the injury to petitioner, having been sustained while he was off duty picnicking, did not arise out of or in the course of his employment as a police patrolman; hence, it not being an industrial accident, the city refused to file an employer's report with the commission. Police Chief Thomas incorporated in his letter to petitioner's attorney this statement:

"I have no knowledge of Mr. Buick being commissioned as a Deputy Sheriff for Maricopa County and if he was, this was done entirely of his own volition without any requirement of his job or knowledge of the Police Department."

On this record the respondent commission found it to be a noncompensable claim and on March 9, 1956, entered its award that claimant take nothing. Application for rehearing was granted and a full hearing was held at which numerous witnesses testified. Thereafter, on July 16, 1956, a decision upon rehearing was entered. This reaffirmed the previous award denying compensation upon the grounds that the injury—admittedly sustained by petitioner—did not arise out of or in the course of his employment. We

granted certiorari to review this award. Resourceful counsel has presented some novel contentions as to why compensation should be allowed, but basically the determinative question is that previously stated.

The city of Phoenix police manual was admitted in evidence and petitioner places great reliance upon the following provision:

"Section 1600.5—Off Duty Service Requirements. Officers shall have regular hours assigned to them for active duty and when not so employed shall be considered 'off duty'. They shall, however, be subject to duty as needed. When 'off duty' they shall be responsible for taking proper police action on any matter coming to their attention at any time. This rule shall not apply to minor traffic violations."

From this is it argued that police officers are required to be armed at all times and that their duties are not limited to activities within the city limits of the municipality by which they are commissioned. With this as a premise it is then contended that the injury in question arose out of and in the course of his employment because it had its origin therein, was a result of a risk inherent in the employment, was connected with and reasonably incident to such employment, and flowed therefrom as a natural consequence. Petitioner has cited no text

statement or reported case with facts comparable to those we have here that would support such a conclusion.

Our attention is called to the following provision of the Police Manual:

"Sec. 1306.6—Scope of Duties. Except in the immediate pursuit of a fugitive, he shall not leave the city limits to conduct any investigation or perform any act within the scope of his duties without the express permission of his supervising officer."

There is no contention made that petitioner was in "immediate pursuit of a fugitive", nor that he had been given permission to conduct an investigation outside the city limits.

There are no other sections of the manual, bulletins or other written requirements of the police department, which either expressly or impliedly cover the matter. Insofar as provisions of the manual are concerned, Chief Thomas rather neatly summarized the situation when in reply to a question he stated:

"There is no specific section that says he shall not (be armed while off duty) but there is none that requires him to." (Parenthetic words supplied.)

We think it would be illogical to contend because the regulations do not prohibit the carrying of a gun while off duty that therefore the duty exists.

We note, by way of comparison, that in section 13–911, A.R.S.1956, it is provided that "peace officers" are excepted from the prohibition contained therein against carrying concealed weapons, and further, that this section (as section 4724, Revised Code 1928) was held, in Strickland v. State, 37 Ariz. 368, 378, 294 P. 617, 621, to give a deputy sheriff no more right than a private citizen to carry a pistol in a holster unless actually engaged on duty as such officer.

Evidence was introduced by petitioner in an attempt to show it was the policy of the Phoenix Police Department that its officers be armed when off duty, but there was also evidence to the contrary. Petitioner allegedly asked the Chief of Police as to this matter, and purportedly was informed, "I will leave that up to your feelings whether you should carry a gun." Be that as it may, we believe that the compensability of petitioner's claim for compensation must be determined, as a matter of law, from the undisputed facts and inferences deducible therefrom, and cannot be permitted to rest upon controverted testimony as to what custom or practice of the department prevailed in that respect. If such did raise a disputed question of fact, it has been resolved by the Commission against petitioner.

It is our view, as a matter of law, that petitioner, under the circumstances here shown, was not required to be armed while off duty. Cf. Strickland v. State, supra. In the light of this holding, obviously the accident in question, with its resulting injury to petitioner, occurred at a time when petitioner was participating in an undertaking nowise connected with his employment or any duty appertaining thereto; hence, the Commission was fully justified in finding that it was a noncompensable claim.

If petitioner's position were accepted, then he and others similarly situated would be covered under the Act "around the clock", at least insofar as an injury by a firearm accident were concerned. As has been noted by this court in the past, the Act is not an insurance law which requires an employer to compensate every injury suffered by one whom he employs, as there must be a causal connection between the employment and the injury. See: Application of Barrett, 78 Ariz. 219, 223, 278 P.2d 409, 411, and Muchmore v. Industrial Commission of Arizona, 81 Ariz. 345, 306 P.2d 272, 276.

Award affirmed.

WINDES, PHELPS, STRUCKMEYER and LA PRADE, JJ., concurring.