526 P.2d 1266

**STATE COMPENSATION FUND,**
Petitioner,

**v.**

**Frank E. KEEFE, Respondent Employee,**
**The Industrial Commission of Arizona,**
Respondent.

**No. I CA–IC 969.**

Court of Appeals of Arizona,
Division 1,
Department C.

Oct. 8, 1974.

William D. Browning, Tucson, for petitioner.

Richard L. Keefe, Tucson, for respondent employee.

Edward F. Cummerford, Chief Counsel by William C. Wahl, Jr., Former Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

## OPINION

FROEB, Judge.

This is a review of a compensation award of the Industrial Commission entered in favor of the respondent, Frank E. Keefe. The State Compensation Fund appeals the Commission's finding of an injury arising out of and in the course of employment, as well as the sufficiency of the medical evidence appearing in the record to support the award.

Frank Keefe was employed by the Fund as a claims investigator. On March 31, 1971, he had occasion to travel from Tucson to Bisbee to investigate a claim for the Fund. After he completed his investigation work, Keefe decided to gather some information in Bisbee for an article he was preparing to publish in the "Innercom," a publication of his employer, the petitioner.

In the course of gathering this information, Keefe found it necessary to descend 125 feet to the bottom of a mill and to ascend thereafter by means of a stairwell of

approximately thirty degrees inclination and separated frequently by landings or levels. As Keefe ascended from the mill, he became extremely short of breath and suffered from chest pains. He found it necessary to stop at the landings in order to rest before proceeding on to the next set of stairs. Upon completing the ascent, Keefe rested for ten more minutes before leaving the mill area in his car. He proceeded to return to Tucson, but a short distance outside Bisbee he had to pause at a roadside comfort stop by lying prone atop a picnic table for another thirty minutes.

Keefe failed to report this incident to his employer or his physician. In fact, he continued his normal routine without visiting his doctor for a checkup of any kind. Finally, on April 21, 1971, while suffering from chest pains and breathing exhaustion, and having had a weight loss of approximately forty pounds, Keefe visited his family physician, Dr. Stanley Kitt, who thereafter hospitalized Keefe for five days. Dr. Kitt prescribed digitalis as a result of an electrocardiogram administered to Keefe while under observation in the hospital. Keefe did not disclose to Dr. Kitt at this time the events of March 31, 1971.

On January 22, 1972, Keefe consulted another physician, Dr. Stanley Schneider, who diagnosed his condition as aortic stenosis resulting from an attack of rheumatic fever suffered by Keefe in 1924. Dr. Schneider prescribed corrective open heart surgery to which Keefe consented, and the surgery was performed in Houston, Texas, during March 1972.

Shortly before his open heart surgery and about a year after the incident in the mill stairwell in Bisbee, Keefe filed this claim for compensation. He alleged that the stairwell incident occurred in the course of his employment and that it led to the heart surgery for which he seeks compensation.

In addition to the testimony of Keefe and his wife, the Commission heard testimony from several physicians, including Drs. Kitt and Schneider, all of whom treat cardiac patients.

We are called upon to determine whether the injury complained of arose out of and in the course of the employment, and whether there was sufficient medical evidence to establish a causal relation between the injury and the employment so as to support the findings of the Commission.

Petitioner argues that Keefe was no longer in the course of his employment when he undertook to gather information for an article intended for his employer's magazine. Rather, the petitioner asserts that this activity was for the personal pleasure and enjoyment of Keefe and therefore is not compensable.

■ This court has recognized a two-pronged test to determine an employee's statutory right to compensation. To be compensable an injury (1) must occur by accident, and (2) arise out of and in the course of his employment. Arizona Revised Statutes, § 23–1021; Truck Insurance Exchange v. Industrial Commission, 22 Ariz.App. 158, 524 P.2d 1331 (1974).

■ Both of these requirements have been explained and cited by our courts in numerous cases. As a general rule, an employee is injured in the course of his employment if the employee was involved in an activity he might reasonably be expected to undertake during such time, and if the employee was at a place where he could reasonably be expected to be when the accident occurred. Goodyear Aircraft Corp. v. Gilbert, 65 Ariz. 379, 181 P.2d 624 (1947); Thomas v. Industrial Commission, 54 Ariz. 420, 96 P.2d 407 (1939). The injury arises out of the employment when a causal connection is shown between the employment activity and the injury. Ware v. Industrial Commission, 92 Ariz. 188, 375 P.2d 384 (1962).

■ Applying these general principles, we must examine the facts to determine if there is a sufficient basis in the evidence to support the finding that the injury occurred during the course of the employment.

The evidence before the Commission established that the magazine was a publication of the employer; that Keefe was an "official correspondent"; that he had written prior articles for the publication, and that the preparation of articles was encouraged by the magazine's editor.

■ On this evidence we find that Keefe's magazine writing was not merely for his own personal enjoyment, but was also within the course of his employment.

We now turn to the medical testimony to determine if it established the necessary causal relation between the employment and the injury.

■ While some medical experts require as a fact that the activity of an employee which gives rise to a heart attack be "unusual" as compared to "normal" work activities, such a showing is not required as a matter of law. Stotts v. Industrial Commission, 15 Ariz.App. 290, 488 P.2d 495 (1971). See also Pima Mining Co. v. Industrial Commission, 11 Ariz.App. 480, 466 P.2d 31 (1970). However, a causal relationship between the employment and the injury must be proven within a reasonable medical certainty. Stotts v. Industrial Commission, supra. When such a connection is not apparent to a layman, it can only be determined by expert evidence. Waller v. Industrial Commission, 99 Ariz. 15, 406 P.2d 197 (1965). Here the medical evidence necessary to support the award is found in the evidence. Dr. Stanley Kitt testified as follows:

Q. In connection with whether or not there is a connection to a reasonable medical probability between that incident and the heart difficulty which you found him to be suffering from on April 20th, would you feel qualified to express an opinion, to a reasonable medical probability, or would you rather defer to a cardiologist or one specializing in internal medicine and cardiology?

A. Oh, I think I could—I think I could comment on that to the fact that it very easily could have caused the problem that we found at that time in the hospital; the increase in pulse rate and the irregularity.

Q. Even three weeks prior; the incident being three weeks prior?

A. Yes.

Q. And during that three week period, you had no contact with Mr. Keefe?

A. No.

Q. Can you say—I know that you are saying it could do, Doctor, to a reasonable medical probability: can you say that the incident did cause the problem you saw on April 20th?

A. I could say that it is probable.

And, further, as to any aggravation of a pre-existing condition stemming from Keefe's 1924 rheumatic heart condition, Dr. Kitt testified:

Q. . . . Would you have an opinion as to whether there was any, within a reasonable degree of medical probability, any aggravation of that pre-existing condition?

A. I said it was very likely that it aggravated a pre-existing condition.

Dr. Stanley Schneider's testimony supports the same view:

Q. Is it medically probable, within a reasonable degree of medical certainty, that stress can and in a given situation, bring about a hastening of heart difficulty? Do you have an opinion on that?

A. Yes.

Q. What is your opinion?

A. Stress may hasten heart difficulty?

Q. Now . . . as to past history . . . would you have a medical opinion, then, based upon a reasonable medical certainty, whether or not the stress in this instance to Frank Keefe brought about a hastening of heart difficulty?

A. I think it may have.

Moreover, Dr. John Carroll, a cardiologist, examined the medical records and tes-

tified that the climbing of the stairs caused a medical event referred to as "decompensation" of the heart and that once this occurs, symptoms of heart difficulty become progressively more severe.

Aggravation of a pre-existing condition by an employment-related work accident is compensable. Tatman v. Provincial Homes, 94 Ariz. 165, 382 P.2d 573 (1963). When the aggravation of the pre-existing condition causes symptoms of the condition to arise earlier than normally anticipated without the aggravation, then it is legally a proximate cause of the disability. We are presented with a situation in which proof of medical causation is peculiarly within the knowledge of the expert medical witnesses and must rely on their opinion as to occurrence and cause of medical disabilities. McNeely v. Industrial Commission, 108 Ariz. 453, 501 P.2d 555 (1972). Resolution of "heart cases" is based upon medical opinion setting forth the causal relationship between the activity and heart failure. Linn v. Industrial Commission, 10 Ariz.App. 571, 460 P.2d 677 (1969). In cases of conflicting medical testimony it is the responsibility of the Industrial Commission to resolve these evidentiary conflicts in a reasonable way.

In the case before us the record includes testimony on the nature and extent of Keefe's pre-existing condition, the various effects of the stair climbing on the physical condition of his heart, and opinions of medical experts as to causation. The shortness of breath, chest pains, exhaustion and profuse sweating were all symptoms of a serious heart condition, the manifestation of which was hastened or accelerated by an activity which was reasonably contemplated within the employment relation.

The petitioner has also urged the court to set aside the Findings and Award of the Commission on the basis that Keefe's testimony as to his physical condition during and shortly after the stair climbing incident was uncorroborated by any disinterested witness, and therefore was improperly considered by the Commission. Such, however, may not be disregarded by the Commission unless the testimony has been impeached or contradicted or unless the circumstances are such as to cast doubt upon the credibility of the testimony. Quirk v. Industrial Commission, 3 Ariz.App. 84, 412 P.2d 81 (1966). The Commission did not so find and thus we must reject the challenge to it.

We conclude that the findings of the Industrial Commission are reasonably supported by the evidence appearing in the record. The award is therefore affirmed.

WREN, P. J., and NELSON, J., concur.