532 P.2d 177

John STODDARD, Petitioner,

v.

The INDUSTRIAL COMMISSION of
Arizona, Respondent,

John F. Stoddard Company, Inc.,
Respondent Employer,

Sentry Insurance Company, Respond-
ent Carrier.

No. I CA–IC 1047.

Court of Appeals of Arizona,
Division 1,
Department C.

March 6, 1975.

Rehearing Denied April 15, 1975.

Review Denied May 6, 1975.

Gilbert Gonzalez, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Lewis & Roca by Merton E. Marks, Phoenix, for respondents employer and carrier.

## OPINION

WREN, Judge.

This is an appeal by certiorari from an award of the Industrial Commission finding that petitioner's injuries did not arise out of and in the course of employment. Petitioner contends that the award is not supported by the evidence. We agree that it is not.

The question is one of law because the facts are not in dispute. Petitioner was injured at approximately 10:30 p. m. on April 7, 1972 while riding a motorcycle. The accident followed an evening business meeting and dinner at the Rio Rico Inn, which was near a compound where petitioner lived and worked. Accompanying petitioner to the meeting and also riding a motorcycle, was Doug Thompson, field superintendent for the same corporation (respondent employer) which petitioner serves as president. The purpose of the trip was to confer with Thomas Black, a representative of General Acceptance Corporation, to discuss plans and proposed changes for a building which petitioner was constructing for Black's company.

At the conclusion of the business discussion around 7:30 p. m., Black left, and petitioner and Thompson proceeded to the restaurant at the Inn and had dinner. Approximately two hours later they left the restaurant to return to the compound which housed their offices and living quarters. Petitioner testified that he intended to work in his office for a few hours upon his return on some plan changes that had been agreed to with Black.

Outside in the parking lot, they noticed that the motorcycle ridden and owned by Thompson had a flat tire. Fearing that the cycle would be vandalized if left at the Inn overnight, they decided to return to the compound on petitioner's motorcycle for the purpose of obtaining a pickup truck in which to load the motorcycle and transport it back to the compound. After obtaining the truck at the compound, Thompson drove it back to the Inn and petitioner accompanied him still on his motorcycle. They loaded Thompson's motorcycle into the truck, and then petitioner began his second trip back to the compound, again riding his motorcycle. The accident occurred while enroute when the cycle went out of control.

At the hearing, petitioner conceded that the return to the Inn to retrieve the disabled motorcycle was a personal favor and accommodation to Thompson. He contends, however, that the entire course of events must be considered, and that he was therefore injured while returning from a business meeting within the ambit of his employment.

Respondents argue that petitioner had deviated from the course of his employment at the time he was injured. Their contention is based on the theory that the business purpose of the trip terminated when petitioner first arrived back at the compound following the meeting, and that the return trip to the Rio Rico Inn for the sole purpose of loading the motorcycle was a personal errand and not a business trip, and therefore not compensable.

■ It is true that deviations for purely personal reasons are not compensable because they do not happen in the course of employment. The general rule on this point is stated in Sherrill & La Follette v. Herring, 78 Ariz. 332, 336, 279 P.2d 907, 909 (1955):

"[I]n the event an employee operating an automobile in the course of his employment substantially deviates from his regular route for personal reasons and an injury occurs on the route or in the course of the side trip, the employee is outside the course of his employment and not protected . . . ."

However, *Sherrill* qualifies the test:

". . . but if the diversionary trip is completed and the employee has returned to the route required by his employment he is within the course thereof and in the event of an injury is entitled to compensation." 78 Ariz. at 336, 279 P.2d at 909–910.

■ It is the unquestioned law of this state that we must look primarily to the fact of time, place and circumstances of the accident to determine compensability, and that the words "arises out of and in the course of employment" should be given a broad and liberal construction. Royall v. Industrial Commission, 106 Ariz. 346, 476 P.2d 156 (1970); Application of Barrett, 78 Ariz. 219, 278 P.2d 409 (1954); Mc-Campbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 (1950).[1]

■■ Applying the foregoing principles to the evidence before us, we find that it was a business meeting which initially sent petitioner forth and brought exposure to the perils of the trip. The nature of petitioner's duties obviously took him on occasion outside the lineal area of the compound. Furthermore, on the evening in question, the course of petitioner's employment not only included the business meeting, but also the return trip to his office in the compound. *See* Gardner v. Industrial Commission, 72 Ariz. 274, 233 P.2d 833 (1951); Schnieder on Workmen's Compensation Law § 1665 (1950). Moreover, petitioner was not required to return to his office immediately following the business meeting to remain within the ambit of employment during the travel period. Petitioner did not punch a clock to determine the time of his employment. He was not a workman on an hourly basis. If a diversionary trip was made, it occurred on petitioner's first return to the compound to obtain the truck. Once Thompson's motorcycle had been loaded into the truck, petitioner returned to the scope of his employment

when he started back to his office to work on the proposed changes. At that point in time any "diversionary" aspect of the mission was complete, and petitioner was cast back into the role of an employee returning to his office on the last leg of a business trip.

■ *Sherrill* is not, however, the only premise upon which petitioner must prevail. As a general rule, an employee is injured in the course of his employment if he was involved in an activity he might reasonably be expected to undertake during such time, and if he was at a place where he could reasonably be expected to be when the accident occurred. Goodyear Aircraft Corp. v. Gilbert, 65 Ariz. 379, 181 P.2d 624 (1947); Thomas v. Industrial Commission, 54 Ariz. 420, 96 P.2d 407 (1939); State Compensation Fund v. Keefe, 22 Ariz.App. 311, 526 P.2d 1266 (1974).

■ The test as to whether specific activities are considered to be within the scope of employment or purely personal is the reasonableness of such activity. Mc-Cue v. Industrial Commission, 5 Ariz.App. 194, 424 P.2d 842 (1967); Charles v. Industrial Commission, 2 Ariz.App. 202, 407 P.2d 391 (1965). If the activity is found to be reasonable, the risk inherent in such activity is an incident of his employment. *Id.* The necessary causation between employment and injury may be found where an unforeseen mishap occurs while the employee is engaged in a natural, normal and reasonably to be expected activity at or near the situs of his business purpose.

■ Travel was necessitated in order for petitioner and Thompson to attend the meeting with Black. Vehicular travel of necessity entails at various times towing and repairs. Transporting a vehicle which has become disabled during the course of a business activity to a place of safety cannot be construed as an abandonment of employment. In the case before us, the final step of the business expedition, the return

---

1. *McCampbell* was overruled in Pauley v. Industrial Commission, 109 Ariz. 298, 508 P.2d 1160 (1973), but the statements made herein are still valid.

to the compound, was delayed by the flat tire. Petitioner's activities in voluntarily returning to the Inn to aid Thompson did not take him outside his employment activities.

1 A. Larson, The Law of Workmen's Compensation § 27.11 (1972) states:

"The modern rule brings within the course of employment an activity undertaken in good faith by one employee to assist a co-employee in the latter's performance of his work."

And, in § 27.12 we find:

"The reason for this holding is simple: it would be contrary not only to human nature but to the employer's best interests to forbid employees to help each other on pain of losing compensation benefits for any injuries thereby sustained."

The hearing officer denied compensation upon the basis that the business purpose of the trip had been abandoned prior to the accident, and therefore the injuries sustained by applicant were noncompensable under the "dual purpose" doctrine. He found the second journey back to the compound was not necessitated by petitioner's work, but arose out of his desire to assist a fellow employee in retrieving the employee's motorcycle.

The "dual purpose" doctrine cases are traced and the rule stated in McKay v. Industrial Commission, 103 Ariz. 191, 192, 438 P.2d 757, 758 (1968):

"[T]he true test is well set forth in the case of Marks' Dependents v. Gray et al., 251 N.Y. 90, 167 N.E. 181, 183, in the following language: '* * * If the work of the employee creates the necessity for travel, he is in the course of his employment, though he is serving at the same time some purpose of his own. * * * If, however, the work has had no part in creating the necessity for travel, if the journey would have gone forward though the business errand had been dropped, and would have been cancelled upon the failure of the private purpose, though the business errand was undone, the travel is then personal, and personal the risk.'"

We hold the "dual purpose" doctrine to have no application here. As previously indicated, the temporary interruption of the return trip to the compound did not operate to convert the final trip into a personal one, nor did it take petitioner outside the scope of his employment.

Whether the first trip back to the compound is considered as a "diversionary" trip, or as an integral part of a business trip, is in our opinion, immaterial. Under either premise, we believe the accident arose out of and in the course of employment.

The award is set aside.

NELSON, P. J., and STEVENS, J., concur.