604 P.2d 263

Ronald J. PEETZ, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

City of Tucson, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 2083.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 28, 1979.

Rehearing Denied Oct. 1, 1979.

Review Granted Oct. 16, 1979.

Miller, Pitt & Feldman, P. C. by Barry N. Akin, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, State Compensation Fund by Peter C. Kilgard, Phoenix, for respondent employer and respondent carrier.

## OPINION

HAIRE, Judge.

On this review of an award entered by the Commission's hearing officer in a workmen's compensation proceeding, the petitioning claimant contends that the hearing officer erred in finding that the gunshot injuries incurred by him while on off-duty status as a Tucson policeman were not compensable.

The facts are not in dispute. At the time of the injury, claimant was employed as a policeman by the respondent employer, the City of Tucson. The accident occurred at approximately 10:00 p. m., while claimant was off duty. He was in his car with his wife, waiting in line at a drive-in Dairy Queen, when the Colt .45 automatic pistol he had in his possession accidentally discharged as he was explaining the safety mechanisms to his wife. As a result, claimant suffered severe injuries to his left hand and left leg.

The evidence established that even though claimant was off-duty at the time of the accident, the rules and procedures of the respondent employer required off-duty officers to carry a concealed, authorized handgun at all times, except under circumstances where such would be an affront to acceptable social procedures. It is agreed that the exception was not applicable to the circumstances involved here. It appears that the reason for the requirement that the off-duty officer carry a handgun at all times was because the officer was on call 24 hours a day, that is, even when off-duty he

was required to respond with appropriate police action on any criminal matter coming to his attention.

In order to constitute a compensable workmen's compensation claim, an injury must both arise out of and occur in the course of the claimant's employment. A.R.S. §§ 23–1021A, 23–1041A; *Royall v. Industrial Commission,* 106 Ariz. 346, 476 P.2d 156 (1970). "Arising out of" employment refers to the physical cause of the injury; "in the course of" is generally said to refer to the time, place, and circumstances in which the injury occurred. *Royall, supra.*

We consider first whether the evidence required a finding that the accident occurred in the course of claimant's employment. Under the rules and procedures imposed by the respondent employer, the time limitations of claimant's employment could be extended beyond his normal duty hours so as to include the entire 24 hour period, to the extent that during these off-duty hours he would be engaged in fulfilling the requirements of his employment, *i. e.,* while carrying a concealed handgun or when responding with police action on a criminal matter coming to his attention. Thus, here it must be held that the accident occurred within the time limitations of claimant's employment, if he can be said to have been within the space and circumstance limitations of that employment. Likewise, since the "space" component of claimant's employment includes the entire City of Tucson, and the accident occurred within the geographic limits of the city, it is clear that the accident occurred within the space limitations of the employment.[1]

This brings us to a consideration of whether the "circumstances" surrounding the accident were such as to be within the course of claimant's employment. The "circumstances" component of the "in the course of employment" test generally refers to an examination of the activities in which the claimant is engaged at the time of the accident. The standard is stated in *Larson* as requiring a showing that the employee was engaged in fulfilling his duties or engaged in something incidental thereto.[2] In *Royall, supra,* the Arizona Supreme Court discussed this requirement as follows:

"The type of activity which most clearly satisfies the 'course' test is the active performance by the employee of the specific duties which he was engaged to perform. A 'weaker' class of activity—that is, which does not so clearly meet the 'course' test or may fail to meet it altogether—includes those activities which are only incidental to the performance of the employee's duties, such as seeking personal comfort, going to and coming from work, engaging in recreation, and the like." 106 Ariz. at 350, 476 P.2d at 160.

It is important to note that an activity may be within the course of the employment, even though it is not an activity specifically authorized by or required by the employer, as long as the workman is "doing what a man so employed might reasonably do" within the appropriate time and space limitations. *See generally City of Phoenix v. Industrial Commission,* 104 Ariz. 120, 449 P.2d 291 (1969); *McCampbell v. Benevolent & Protective Order of Elks,* 71 Ariz. 244, 226 P.2d 147 (1950). All that is required is that the workman be involved in an activity he might reasonably be expected to undertake at such time. *Stoddard v. Industrial Commission,* 23 Ariz.App. 235, 532 P.2d 177 (1975); *Gonzales v. Industrial Commission,* 23 Ariz.App. 179, 531 P.2d 555 (1975); *State Compensation Fund v. Keefe,* 22 Ariz.App. 311, 526 P.2d 1266 (1974). The reasonableness standard stated in the above-cited cases should not be understood as importing into workmen's compensation law concepts any limitations based upon principles of

---

1. *See Buick v. Industrial Commission,* 82 Ariz. 129, 309 P.2d 257 (1957) for a situation in which an injury to an off-duty policeman resulting from a shooting accident was held noncompensable, because, among other reasons, it occurred beyond the space limitations of his employment.

2. *See* 1A. Larson, The Law of Workmen's Compensation § 14.00, at 4–1 (1978).

fault or negligence. The question is whether the overall activity itself was reasonably related to a duty imposed by the employment, not whether that activity was being performed in a reasonable manner.

Applying these concepts, was the activity in which the claimant was involved at the time of the accidental discharge of his handgun reasonably related to the duties of his employment? First, focusing upon the specific activity involved, claimant was explaining the safety mechanisms of his handgun to his wife when he accidentally discharged it. The duties of his employment required that he have the handgun in his possession at that time. Although his employer's rules and procedures required that he carry the gun in a concealed manner, he had removed the pistol from his waistband while inside his automobile in order to be more comfortable, and had handed it to his wife who was sitting in the front seat on the passenger side. When she questioned him concerning the "grip safety" feature of the pistol, he took the pistol from her, and as he was explaining the safety features, the accidental discharge occurred.

It is our opinion that, given the undisputed circumstances, it must be held that at the time of the accident claimant was involved in an activity incidental to, and reasonably related to, the duties of his employment. While the respondent carrier makes much of the fact that the handgun was not being carried in a concealed manner at the time of the accident and that this particular handgun had not been specifically authorized for use by claimant as an off-duty handgun,[3] we ascribe no legal significance to these omissions in this workmen's compensation proceeding. These omissions might well be relevant were the claim asserted in tort litigation involving the reasonableness of the manner in which the claimant was performing the activities in which he was engaged. However, as we have previously noted in this opinion, our only concern with reasonableness here is not in a fault context, but rather whether the overall activity itself was incidental to or reasonably related to the duties of the employment. Any time the employment requires the carrying of a weapon, it reasonably follows that as an incident thereto the weapon will be handled from time to time with the risk of injury or death from an accidental discharge. *City of Richmond v. Johnson,* 202 Va. 33, 115 S.E.2d 910 (1960). We are not faced here with a situation similar to that in *Buick v. Industrial Commission, supra,* note 1, in which the injury occurred at a time and place where there was no requirement of the employment which required the injured officer to have his handgun in his possession. Nor, are we faced with a fact situation similar to that in *Loveless v. Industrial Commission,* 6 Ariz.App. 345, 432 P.2d 600 (1967), in which a third person had borrowed the claimant's gun for purposes totally unrelated to the employment and accidentally shot the claimant before the gun had been returned to him. Here claimant had the handgun in his own possession at the time of the accident and the only reason for it being in his possession at that time was the employment-imposed duty that he have it with him at all times. There is no suggestion that the possession was related to some private non-employment reason such as for hunting or any other private use. It certainly cannot be said that he had the handgun with him for the purpose of explaining to his wife its safety features. Rather, the need for explaining the safety features to his wife arose from the employment-imposed requirement of possession. Under these circumstances, it is our opinion that claimant's attempted explanation of the handgun safety features to his wife, while probably not within the "specific duty" type of activity described in *Royall, supra,* as clearly satisfying the course of employment test, at the minimum does fall within that type of covered activity described in the Arizona deci-

---

3. The Rules and Procedures Manual of the Tucson Police Department requires that all off-duty sidearms be registered with the department and given a safety check by the armory sergeant. A Colt .45 is generally acceptable as an off-duty sidearm. However, this specific Colt .45 had not been given the required safety check by the armory sergeant.

sions as "incidental to" or "reasonably related to" the performance of the specific duties of the employment. By arriving at this conclusion we necessarily reject the hearing officer's basis for the denial of compensability, that is, his conclusion that the occurrence stemmed "from a personal or private venture. . . ."

■ Once it has been decided that the specific activity in which claimant was engaged at the time of his employment was within the course of his employment, it is clear under the circumstances of this case that the injury also arose out of the employment. As previously stated, "arising out of" refers to the physical cause of the injury. The type of injury that most clearly satisfies the causation requirement is one in which the source of the injury is distinctly associated with the employment. *Royall, supra.* There could rarely be a more distinctly associated source than that present in this case.

The award is set aside.

EUBANK, P. J., and FROEB, J., concurring.