516 P.2d 334

**Jim T. DICKERSON, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Tanner Brothers Contracting Company, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 852.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 29, 1973.

Rehearing Denied Jan. 3, 1974.

Review Denied Jan. 29, 1974.

Spencer K. Johnston, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Harlan J. Crossman, Phoenix, for respondent employer and respondent carrier.

OPINION

STEVENS, Judge.

This case involves the question of whether The Industrial Commission may reverse the decision and award of a hearing officer without formally stating the reasons for the reversal.

The petitioner, Jim T. Dickerson, was injured in an accident during and arising out of the course of his employment on 26 November 1969 when a steel beam fell, striking him on the back. Petitioner received medical benefits until 18 August 1970 and compensation benefits until 12 January 1970. On 6 October 1970 the carrier issued a notice of claim status stating that the petitioner had no permanent disability

as a result of the accident. Petitioner applied for a hearing which was held on 9 March and 21 March, 1971. As a result of the hearing the petitioner received an additional award of temporary partial disability through 4 March 1970. The hearing officer reserved jurisdiction to make a final award and determination of loss of earning capacity. Based on reports in the file, on 17 November 1971, the Commission entered a final award of no impairment of earning capacity. On 11 January 1972 the petitioner requested a hearing on the final award, which was had on 23 March 1972. Based on the hearing, an award was entered by the hearing officer on 31 May 1972 granting the petitioner an unscheduled permanent partial disability status together with a loss of earning capacity of $103.96 per month.

Respondent carrier filed a timely motion for review. On 28 July 1972, The Industrial Commission, stating that it had conducted a full reconsideration of the file, issued findings and an award reversing the award of the hearing officer and affirming its award of 17 November 1971. From the 28 July 1972 award petitioner filed a writ of certiorari.

■ The petitioner contends that the Commission must set out in detail the facts relied upon in reaching its reversal of the hearing officer's award. We do not agree. Although we believe the better practice is to inform the participants in an action of the facts and logic used to resolve their disputes, the Commission has wide latitude in reaching its decision. The law applicable to a review was set forth in A.R.S. § 23–943(F) which we quote, in part, as follows:

"F. The commission may affirm, reverse, modify or supplement the award of the hearing officer and make such disposition of the case as it determines to be appropriate. * * *."

The procedures on review were amended in 1973, but the powers remain the same.

The statute grants the authority and does not require a statement of reasons. The grant of authority contained in A.R.S. § 23–943(F) is much broader than that given to the Court of Appeals by A.R.S. § 23–951(D). The Court of Appeals may either affirm or set aside the award and in this connection A.R.S. § 12–120.07(A) requires that the decisions of the Court of Appeals shall state the grounds therefor. Thus, it is seen that the grant of authority for administrative review is much broader and with fewer restrictions that the grant of authority for judicial review.

■ On judicial review, the Courts affirm the awards of The Industrial Commission which are reasonably supported by the evidence. Valdon v. Industrial Commission, 103 Ariz. 547, 550, 447 P.2d 239 (1968); Magma Copper Co. v. Industrial Commission, 96 Ariz. 341, 395 P.2d 616 (1964); Phelps-Dodge Corporation, Morenci Branch v. Industrial Commission, 90 Ariz. 248, 367 P.2d 270 (1961). Petitioner contends that changes in Arizona law effective 1 January 1969, specifically A.R.S. § 23–942, give greater weight to the findings of the hearing officer and thereby restrict the power of the Commission to review the hearing officer's findings. We agree that the hearing officer has greater authority than did the referee, but on an administrative review the · reviewing authority, the Commission, has a broad grant of power.

We must determine whether the findings of the Commission were reasonably supported by the evidence. Our examination of the record discloses a reasonable medical basis for the Commission's decision to set aside the hearing officer's award of 31 May 1972 and to reaffirm the Commission's award of 17 November 1971. The Commission's award of 28 July 1972 is affirmed.

DONOFRIO, P. J., and OGG, J., concur.