520 P.2d 322

Gary L. **COLVERT**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

Grant Road Lumber Company, Respondent Employer,

Home Insurance Company, Respondent Carrier.

No. 1 CA–IC 822.

Court of Appeals of Arizona,
Division 1,
Department B.

March 12, 1974.

Review Denied May 7, 1974.

Rehearing Denied April 9, 1974.

Davis & Eppstein, by Dale D. Tretschok, Tucson, for petitioner.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for respondents.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for The Industrial Commission of Arizona.

## OPINION

JACOBSON, Chief Judge, Division 1.

This review of an award of the Industrial Commission raises the issue of whether the "aggressor rule" when used in the context of employee fights is a defense to compensability for injuries arising from such fights.

The facts pertinent to this case are as follows: Petitioner, Gary L. Colvert, was employed by respondent, Grant Road Lumber Company on July 9, 1971. Five days later petitioner and other workers were involved in the task of unloading sticky and scratchy insulation from a flatbed truck parked in the employer's yard. Petitioner and a co-worker were on the truck bed tossing the insulation bales down to other workers. One of the bales tossed by petitioner struck Ronald Dumas, a fellow employee, on the back. It is disputed as to whether or not petitioner intended this result, but in any event, Dumas informed petitioner to watch where he was throwing the bales. Tempers flared, and one word led to another with petitioner asking Dumas, "You want to make something of it," and Dumas replying, "Sure."

As Dumas approached the truck, petitioner kicked him in the face. Exactly what happened after this is not clear, but petitioner either tried to jump from the truck or fell down, breaking his arm. The fight was broken up and petitioner was taken to a hospital where surgery was performed.

The hearing officer made an award of compensation, but the Commission reversed the decision entering an award denying compensation based on its finding that the petitioner's injuries were a result of his own agression and did not arise out of and in the course of his employment.

■ Petitioner first contends that the Industrial Commission cannot review both the law and the facts, and "affirm, reverse, modify or supplement the award of the hearing officer." A.R.S. § 23–943(F). This issue has been decided adversely to the petitioner in the case of Dickerson v. Industrial Commission, 21 Ariz.App. 125, 516 P.2d 334 (1973), which held that the Industrial Commission has broad powers to review both the legal and factual basis of awards of the hearing officer. Under this authority, the Industrial Commission is not bound by the fact findings of the hearing officer.

■ Petitioner next contends that the Commission's findings of fact and conclusions of law are not supported by the evidence. We agree.

After reviewing the record before us we think it is clear that the altercation arose out of and in the course of petitioner's employment. The general proposition is stated by Larson as follows:

"Assaults arise out of the employment either if the risk of assault is increased because of the nature or setting of the work, or if the reason for the assault was a quarrel having its origin in the work." Larson, Workmen's Compensation Law, Vol. I, § 11.00, p. 3–119.

"Similarly, it is universally agreed that if the assault grew out of an argument over the performance of the work, the possession of the tools or equipment used in the work, delivery of a paycheck, quitting work, trying to act as a peacemaker between quarreling employees, and the like, the assault is compensable." Larson, Workmen's Compensation Law, *supra*, Vol. I, § 11.12, pgs. 3–132 & 3–134 (notes omitted).

Also, *see,* Peter Kiewit Son's Co. v. Industrial Commission, 88 Ariz. 164, 354 P.2d

28 (1960) where injuries sustained by a former employee were found compensable as arising out of and in the course of his employment even though he was assaulted after being fired but where the altercation arose out of his work performance. Under the facts in this case, we have no hesitancy in holding that petitioner's injuries arose out of a work-related disagreement.

The respondent contends that even if the altercation arose out of a work related disagreement that compensation should be denied because the claimant was the aggressor. Apparently the Commission agreed and so found.

The general rule concerning "the aggressor rule" is stated in Larson's, Workmen's Compensation Law, Volume I, § 11.00, p. 3–119:

"A few jurisdictions deny compensation if the claimant himself was the aggressor; most reject this defense if the employment in fact caused the fight to break out."

Likewise, Larson states (quoting Crotty v. Diver Harris Co., 49 N.J.Super. 60, 139 A. 2d 126 (1958).)

" 'Under the but-for test, assaults by co-workers are compensable as long as they are not motivated by personal vengeance stemming from contract with the employee outside of the employment'." Larson, *supra*, § 11.16(c), pp. 3–170 and 3–171.

Arizona's workmen's compensation laws were enacted to provide the workman with compensation for injuries "arising out of and in the course of his employment." A. R.S. § 23–1021. The concept of fault and other common law doctrine based on fault have been eliminated in the employment setting. To adopt the "aggressor rule" defense would interject back into the workmen's compensation laws such a fault concept.

We also note that several jurisdictions which formerly had adopted the aggressor rule have abolished it. *See,* State Compensation Ins. Fund v. Industrial Acc. Commission, 38 Cal.2d 659, 242 P.2d 311

(1952); Crilly v. Ballou, 353 Mich. 303, 91 N.W.2d 493 (1958); Petro v. Martin Baking Co., 239 Minn. 307, 58 N.W.2d 731 (1953); Martin v. Snuffey's Steak House, 46 N.J.Super. 425, 134 A.2d 789 (1957); and Commissioner of Taxation & Finance v. Bronx Hospital, 276 N.Y.App.Div. 708, 97 N.Y.S.2d 120 (1950).

We therefore hold that where injuries are received as a result of a work related disagreement, the injuries arose out of and in the course of employment and are thus, by statute, compensable. We further hold that given the work-related assault, it is immaterial as to who was the aggressor for to base a defense on such a distinction would be to interject a fault concept into the workmen's compensation laws, which concept is completely foreign to the purpose and intent of these laws.

For the foregoing reasons, the award of the Industrial Commission is set aside.

HAIRE, P. J. and EUBANK, J., concur.