531 P.2d 555

**Frank P. GONZALES, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Phelps Dodge Corporation, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 1005.**

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 11, 1975.

Rehearing Denied March 17, 1975.

Review Denied April 15, 1975.

Davis & Eppstein by Dale D. Tretschok, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, Phoenix, The Industrial Commission of Ariz.

Evans, Kitchel & Jenckes, P. C. by Leon D. Bess, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, Phoenix, State Compensation Fund.

## OPINION

WREN, Judge.

This is a review of an award of the Industrial Commission of Arizona which found that petitioner had a noncompensable claim in that he did not sustain an injury by accident arising out of and in the course of employment.

On the day of the accident, June 12, 1972, petitioner, Frank Gonzales, was employed as a heavy equipment operator by respondent employer, Phelps Dodge Corporation. He was qualified to operate various types of heavy equipment including a "backhoe", which he had been assigned by his foreman to operate that day, and also a "loader", the machine he was operating when the accident occurred.

For approximately three weeks prior to the date of petitioner's injury, he was on a crew of workers constructing an underground pipeline on respondent employer's property. As the pipe was laid, wooden separators which had been shipped with the piping were discarded and left beside the ditch, either scattered or in small piles. It was company policy that the scrap wood be disposed of by giving it to the employees, or if no one wanted it, by taking it to a dump.

If an employee desired the wood, it was the employer's policy that he obtain a pass from the gate watchman, which would allow him to collect the wood in his own private vehicle after working hours. For safety reasons, the only place designated by the employer where private vehicles could pick up wood was an area on its property called the "leach plant."

On the day of the accident, petitioner's crew had been working in the leach plant area cleaning up scrap wood and other material to make way for the loader to come in and fill up the ditch.

Petitioner asked the gate watchman for a pass to collect wood around the leach plant area. The watchman consented, telling him he could obtain the pass after work. Later, during the lunch period petitioner asked a co-employee, Joe Gonzales (no relation to petitioner), who had been assigned to the loader that day, if he could borrow his machine to pick up some wood along the road to Dump # 7. This dump was on the employer's property but it was not in the leach plant area. Petitioner further told Gonzales that he had a pass for the wood. Gonzales consented, and while still on his lunch hour, petitioner drove the loader from the leach plant to Dump # 7, picked up the wood, and then proceeded down a road away from the leach plant toward a public highway. At this point he lost control of the loader and was injured in the resulting accident.

The hearing officer's decision to award compensation was reversed by the Commission, which found that petitioner's injuries occurred during his lunch hour while he was picking up wood for his own personal convenience. The Commission further found that the employer had no knowledge of and did not consent to petitioner's activity and use of its equipment.

 Initially, we note that as stated in Colvert v. Industrial Commission, 21 Ariz. App. 409, 520 P.2d 322 (1974) and Dickerson v. Industrial Commission, 21 Ariz.App. 125, 516 P.2d 334 (1973), the Commission has broad powers to review both the legal and factual basis of awards by the hearing officer. Pursuant to A.R.S. § 23–943(F), the Commission may "affirm, reverse, modify or supplement the award of the hearing officer."[1] Petitioner's assertion that a limitation exists on the exercise of that power cannot be sustained.

Petitioner additionally argues that there was no substantial evidence to support the Commission's decision. He points out that it was the employer's policy that once a job was completed, the wood around the site would be picked up and moved. According

---

1. A.R.S. § 23–943 pertaining to review was amended in 1973. As stated in *Dickerson*, though the procedures on review were changed, "the powers remain the same." 21 Ariz.App. at 126, 516 P.2d at 335.

to petitioner, the wood in the area of Dump # 7 had to be moved to a dump or to a place where it could be picked up by the employees. Therefore, asserts petitioner, in cutting his lunch hour short and picking up the wood, he had returned to work and was in fact working when the accident occurred. He concludes that even if he had left the usual scope of his employment by doing a personal task, the fact that moving the wood mutually benefited both he and his employer brought him back within the course of his employment.

■ For an injury to be compensable under workmen's compensation law, the claimant must prove the elements "arising out of" and "in the course of" employment. Peter Kiewit Sons' Co. v. Industrial Commission, 88 Ariz. 164, 354 P.2d 28 (1960); Pottinger v. Industrial Commission, 22 Ariz.App. 389, 527 P.2d 1232 (1974); Toler v. Industrial Commission, 22 Ariz.App. 365, 527 P.2d 767 (1974); "arising out of" employment refers to the "origin or cause of the injury," and "in the course of" refers to the "time, place and circumstances" under which it occurred. Toler, supra.

■ Of particular importance to the disposition of this appeal we believe, is the element "in the course of". As more specifically stated in State Compensation Fund v. Keefe, 22 Ariz.App. 311, 313, 526 P.2d 1266, 1268 (1974), "As a general rule, an employee is injured in the course of his employment if the employee was involved in an activity he might reasonably be expected to undertake during such time, and if the employee was at a place where he could reasonably be expected to be when the accident occurred."

In Truck Insurance Exchange v. Industrial Commission, 22 Ariz.App. 158, 524 P.2d 1331 (1974), the court in considering what circumstances can cause activity to fall within the course of employment, deemed the following questions to be important:

"Did the activity inure to the substantial benefit of the employer? *See* Gaumer v. Industrial Comm'n., 94 Ariz. 195, 382 P.2d 673 (1963). Was the activity engaged in with the permission or at the direction of the employer? *See* Goodyear Aircraft Corp. v. Gilbert, *supra,* 65 Ariz. 379, 181 P.2d 624 (1947). Did the employer knowingly furnish the instrumentalities by which the activity was to be carried out? *See* Goodyear Aircraft Corp. v. Industrial Comm'n., 62 Ariz. 398, 158 P.2d 511 (1945). Could the employee reasonably expect compensation or reimbursement for the activity engaged in? *See* Goodyear Aircraft Corp. v. Gilbert, *supra.* And, finally, was the activity primarily for the personal enjoyment of the employee? *See* United States Fidelity & Guaranty Co. v. Industrial Comm'n. of Arizona, 43 Ariz. 305, 30 P.2d 846 (1934)." 22 Ariz.App. at 160, 524 P.2d at 1333.

"If the circumstances show that the answer to these questions reveal sufficient indicia of employment-related activity, generally the activity will be held to be within the course of . . . employment." *Id.*

■ Applying the foregoing principles to the evidence before the Commission, we agree that the roadway on the employer's premises where the accident occurred, was a place the employer might reasonably expect petitioner to be. However, we also think it is evident from the record that his activities were done without the knowledge or consent of his employer. Petitioner disputes this, arguing that it was reasonable to expect an employee to do what petitioner had done. In support of this contention he points out that one of his co-employees, Jose Martinez, had picked up wood at Dump # 7 on one occasion during working hours, and had transported it to the same highway where petitioner was hauling his wood. This incident however, is quite unlike the one before us. Martinez had the express approval of the employer. Before gathering the wood, he sought and obtained the permission of both his gang boss and foreman. Moreover, he collected the wood under the direct supervision of the

gang boss. The Martinez incident does not, in our opinion, evidence the employer's tacit approval or knowledge of petitioner's act. Petitioner's request for a pass included only the leach plant area. The record is devoid of evidence sufficient to impute to the employer knowledge of or consent to petitioner's actions.

As to the use of the loader by petitioner, the foreman of his crew testified that equipment operators were not allowed to switch assignments without approval, though occasionally the supervisors would use another's equipment. The enforcement of this rule was disputed by petitioner and Gonzales, both of whom stated that it was not uncommon for operators to borrow another employee's equipment. The employer had also published a rule which forbade the borrowing of company vehicles for private errands. This rule had been read by the foreman to his crew. Again, there was a conflict with petitioner asserting that this rule applied only to truck drivers or to the use of vehicles off the premises; and that in any event, it was inapplicable because he was using the machine for a company purpose.

Regardless of its applicability, we think the evidence as a whole supports the conclusion that petitioner's employer had not consented to his use of the equipment at the time and in the manner it was used. According to the foreman, he would have refused petitioner permission to use the equipment for that purpose had he been asked.

Nor do we agree with petitioner's final contention that since his actions were mutually beneficial to both parties, in that some benefit inured to the employer, he was thereby brought within the course of employment. He cites Frederickson v. Ledkote Products Co., 270 App.Div. 970, 62 N.Y.S.2d 134 (1946). This case involved an employee who, after work, entered a basement to obtain refuse wood which he contemplated taking home for fuel and was injured. It was held that his injury arose out of and in the course of employment based upon the fact that his actions were *done with the knowledge of and at the request of the employer*; and further, that some benefit accrued to the employer by having the wood moved from his plant.

As indicated previously, the situation here is not the same as that in *Frederickson*. In our opinion, where an employee, on his lunch hour, without the consent or knowledge of the employer, takes the employer's equipment to accomplish a task solely for his own personal benefit, the fact that his activity might incidentally benefit the employer does not establish that he was within the course of his employment.

The award is affirmed.

NELSON, P. J., and STEVENS, J., concur.