535 P.2d 1305

**The HOME INSURANCE COMPANY,**
Petitioner,

v.

**The INDUSTRIAL COMMISSION of**
**Arizona, Respondent,**

**D & L Construction Company,**
**Respondent Employer,**

**Charles R. Glover, Respondent Employee.**

**No. I CA–IC 1159.**

Court of Appeals of Arizona,
Division 1,
Department C.

May 29, 1975.

Rehearing Denied June 25, 1975.
Review Denied July 14, 1975.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Scanlan, Schiesel & Jurkowitz, by David Schiesel, Tucson, for respondent employer and Fred T. Scanlan, Tucson, for respondent employee.

## OPINION

NELSON, Presiding Judge.

The sole question presented to the Court in this case is whether the respondent employee, Charles R. Glover (Glover), was covered under a policy for Workmen's Compensation Insurance issued by the petitioner, Home Insurance Company (Home), to the respondent employer, D & L Construction Company (D & L), at the time he was injured while working for D & L. The hearing officer found that Glover was in fact covered by the policy. We agree and therefore affirm the award.

Reviewing the evidence in a light most favorable to sustaining the award, Micucci v. The Industrial Commission of Arizona, 108 Ariz. 194, 494 P.2d 1324 (1972), the facts necessary for the decision are these: Glover had worked for D & L since early 1970 as a general superintendent. Although a carpenter by trade up until the Monday before his injury, Glover did only supervisory work and did not use his tools. D & L Construction Company obtained the insurance policy in question on February 1, 1973. The policy was obtained through Robert Bolt, an insurance agent who handled all of the insurance for David Schiesel (Schiesel), the president of D & L Construction. Schiesel is also an attorney and has other business interests.

Glover initially rejected workmen's compensation coverage pursuant to A.R.S. § 23–906 and Rule 23, Rules of Procedure, The Industrial Commission of Arizona (Nov. 1, 1973 revision). In June of 1973 D & L started constructing an office building in Scottsdale, Arizona. Schiesel and Bolt, while discussing general liability and fire insurance problems for the new Scottsdale job, reviewed Glover's status regarding workmen's compensation coverage. Bolt thought Glover should revoke his rejection of workmen's compensation because of the long distances he would have to drive and because he was apparently going to have to do some work with his tools on this particular job.

After some additional discussion, both with Glover and with Bolt, it was decided that Glover should be covered because he was going to have to do the carpentry work on the job. On Friday, July 27, Glover came to the offices of D & L to pick up pay checks for the men under his supervision and signed in duplicate a form as provided by Home in a packet which accompanied the policy when originally issued in February, revoking his prior rejection of workmen's compensation as provided in Rule 26, Rules of Procedure, The Industrial Commission of Arizona (Nov. 1, 1973 Revision).[1] Schiesel's secretary testi-

---

1. RULE 26. Revocation of Rejection

Where an employee has served upon an employer a written notice rejecting the provisions of the Workmen's Compensation Law, such employee may revoke such rejection by serving upon his employer a written notice in triplicate, that the employee revokes his prior rejection of the provisions of the Workmen's Compensation Law. Within five (5) days thereafter the employer shall file with the Commission and his carrier the duplicates of such notice of revocation. From and after the serving of such notice upon the employer, the right of the employee to compensation and benefits provided by the Workmen's Compensation Law shall be reinstated as regards any injury subsequently occuring [sic].

fied that she prepared the form, prepared an envelope for mailing to the Industrial Commission, and placed a stamp on the envelope. She gave the form and envelope to Schiesel, who was still in conference with Glover when she left for the day. Her log of daily activities reflected the instructions for preparation and the actual preparation of the form and envelope.

Although the form itself was not admitted into evidence, the language contained in it was permitted to be read into evidence and contained language which. only required the form to be made out in duplicate, not triplicate as required by Rule 26, supra. The form did not indicate a copy was to be filed with Home.

Schiesel mailed the original form to the Industrial Commission of Arizona and kept the duplicate in his files. As indicated above, no copy was provided by Home for mailing to them, and none was sent. However, Schiesel advised Bolt on Monday, July 30, that Glover had been reinstated and that he had sent the form to the Industrial Commission of Arizona. Bolt said he would notify the company, although neither had any specific forms to do so, and on August 1, 1973, sent a letter informing the company. Home never received a copy of the Revocation of Rejection form itself, but received actual notice on August 3, 1973 when they received Bolt's letter. The Industrial Commission either never received Schiesel's letter with the form or subsequent to receiving it lost or misfiled the form. It was not to be found in the Commission's file.

On July 31, 1973, Glover, while performing carpentry work on the Scottsdale job for D & L, was severely injured. Home urges that because D & L failed to comply with the exact letter of Rule 26, supra, no valid contract for insurance exists between Home and D & L as to Glover's injury, citing A.R.S. § 23–963. The hearing officer, from the facts recited aforesaid, found substantial compliance with Rule 26, supra, and we agree.

As Home correctly points out, A.R.S. § 23–963 requires the carrier to "cover the entire liability of the employer to his employees covered by the policy or contract . . .." Until late Friday afternoon, July 27, 1973, Glover was not part of that obligation. When Glover served the notice of Revocation of Rejection, Rule 26, supra, on Schiesel on that afternoon, he was then covered.

His coverage clearly does not depend upon actual notice to the carrier or the Industrial Commission. A.R.S. § 23–963, supra, provides that the policy in question is deemed to contain the following provisions:

"1. That as between the employee and the insurance carrier the notice to or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge of the insurance carrier.

"2. That jurisdiction of the employer shall be jurisdiction of the insurance carrier.

"3. That the insurance carrier shall be bound by and subject to the orders, findings, decisions and awards rendered against the employer for payment of compensation."

Reading this language in conjunction with that of Rule 26, note 1 supra, it is clear that Home, after originally entering into the contract of insurance with D & L, can do nothing whatsoever, from a contractual standpoint, to affect Glover's coverage. Glover is either covered or not covered based on his own desires as evidenced by the forms provided by A.R.S. § 23–906, supra, and Rules 23 and 26, supra. His status is changed immediately upon his service of the notice upon his employer. Since the rule itself provides an after-the-fact notice of coverage to both the carrier and the Commission, its only purpose is for information and necessary premium adjustments in the future.

While Home did not get the specific notice as provided by Rule 26, (a copy of the form within 5 days after the 27th of July, 1973), it did receive actual notice on Au-

gust 3, 1973, the 5th day after service, since the intervening Saturday and Sunday are excluded by Rule 3, Rules of Procedure, The Industrial Commission of Arizona. In view of the nature of Home's prior dealings with Schiesel through Bolt, and in view of the fact that its own forms supplied to the insured were inadequate on their face to comply with the triplicate requirement of Rule 26, supra, the evidence fully supports the hearing officer's finding that Glover's revocation of rejection was pursuant to Rule 26, supra, and was in substantial compliance therewith. When this is the posture of the evidence, our course of action is clear. Micucci v. The Industrial Commission of Arizona, supra; Dickerson v. The Industrial Commission of Arizona, 21 Ariz.App. 125, 516 P.2d 334 (1973).

We affirm the award.

STEVENS and WREN, JJ., concurring.