UNITED STATES STEEL CORPORATION, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah and Roy G. Schultz, Defendants.

No. 16311.

Supreme Court of Utah.

Feb. 13, 1980.

---

3. *Gay v. Mercantile Inst.*, 37 Utah 280, 107 P. 237 (1910).

4. See 37 Am.Jur., Fraud and Deceit, § 237, and the cases cited therein.

James B. Lee and Erie V. Boorman of Parsons, Behle & Latimer, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., A. Wally Sandack, Sp. Asst. Atty. Gen., Salt Lake City, for defendants.

WILKINS, Justice:

This is a review of an order of the Utah Industrial Commission, which reversed the findings of fact and denial of benefits of its Administrative Law Judge, and granted an award to Roy G. Schultz, plaintiff's employee, for an industrial accident.

All statutory references are to Utah Code Annotated, 1953, as amended.

Schultz was employed as a feed table operator at plaintiff's Geneva Blast Furnace plant, his duties being heavy manual labor. Schultz' claim arose out of an incident which, he testified, occurred on November 15, 1976, while he was shoveling ore out from under "Tail Pulley No. 15". While he was reaching under the belt with his shovel, he said he felt a pop in his back, and pain in his back which traveled down his left leg. He was working alone. As the incident occurred near his lunch hour, he rested while he ate his lunch, and then finished his shift, without reporting the incident to his supervisor. The next day, however, he did not feel well enough to work, and called the plant to report that he would not be in that day. He testified that he reported: "I hurt my back at work last night when I was shoveling out No. 15 belt." The absentee slip for the day states merely "sore back" as the reason for Schultz' absence. Aston, the supervisor who took the call and made out the absen-

tee slip, testified that he did not recall that Schultz reported that he had been hurt on the job, and that he would have made out an accident report had he been aware of the November 15 incident.

Both Schultz and his wife testified that Schultz continued to have pain in his back, but that he worked the remainder of November, all of December, and the first two weeks in January, 1977, without again missing a day. On January 16, the first day of Schultz' vacation, Schultz experienced a great deal of pain and took a hot bath to ease the pain. On the morning of January 17, he could not get out of bed without help from his wife and son, and when he put weight on his left foot, he experienced such excruciating pain that his wife took him to the hospital. A herniated disc was diagnosed by Doctor Jonathan Horne. Schultz was treated "conservatively" with hot baths and bed rest for a month with no improvement, and finally on March 30, 1977, Doctor Horne operated and removed two herniated discs.

By September, 1977, Schultz felt he was ready to return to work, and Doctor Horne released him for light labor. But plaintiff did not have any light duties for Schultz, and felt it was not advisable for Schultz to be pushing 40-pound wheelbarrows and shoveling ore. Doctor Horne agreed. Schultz did not return to work until February, 1978. At the time of the hearing on this matter, Schultz was still experiencing pain in his left leg and numbness in his left heel.

On behalf of the company, Schultz' supervisors testified that Schultz had not reported the November 15 incident to them and had not complained of any pain or incapacity to do his job until the incident on January 17.

After hearing all of the testimony and arguments from counsel, the Administrative Law Judge referred the medical aspects of the case to a medical panel pursuant to § 35–1–77. On the basis of all the medical records and the panel's examination of Schultz, the panel found Schultz to be temporarily totally disabled on November 16, 1976, and from January 17, 1977 through January 23, 1978 (the date of the panel report). The panel also found that Schultz was 15 percent permanently disabled, attributing the entire disability to the industrial accident, and none to any previously existing condition. The medical panel, as is proper, made no determination that the November 15 incident had in fact occurred.

After receiving the medical panel report, and hearing objections to it on the motion of Plaintiff U. S. Steel, at which Doctor Gilbert G. Tobler, the panel chairman, was examined, the Administrative Law Judge filed his findings of fact and conclusions of law, and an order denying benefits to Schultz.

The pertinent written findings of fact are:

\* \* \* \* \* \*

6. The Administrative Law Judge finds that while giving the greatest respect to the medical panel, it is the finding of the Administrative Law Judge that the applicant has not offered believable evidence that the injury of the applicant is in fact an industrial accident alleged to have occurred on or about November 15, 1976.

7. The Administrative Law Judge finds further that the testimony of the applicant and his wife is self-serving and is wholly unsupported by any other witnesses.

8. The accident of November 15, 1976 was not the proximate cause of the hospitalization which occurred more than two months later or the surgery and disability which followed.

9. The applicant has failed to carry the burden of proof required to sustain a claim for workmen's compensation.

Schultz timely filed a motion for a review of his case pursuant to § 35–1–82.53 and after considering the record as a whole, including the transcripts of the hearings, the commission filed its Reversal of Denial of Benefits, stating in pertinent part:

The Commission is of the opinion that the events described by the Applicant did, in fact, occur and that the Applicant reported the matter to the Defendants on November 16, 1976. See Transcript, Page 62. The Medical Panel has attributed the problems Applicant is suffering to the industrial accident and, in the judgment of the Commission, benefits are appropriate. It is, therefore, the conclusion of the majority of the Commission that the Applicant did suffer an accident within the meaning and scope of the Workmen's Compensation Act and that said accident occurred within the course and scope of the Applicant's employment and that he is entitled to benefits as provided by law.

Commissioner Hadley dissented on the ground that because the Administrative Law Judge, who had observed the witnesses under direct and cross-examination, had made his determination on the basis of the credibility of the witnesses, a reversal of his findings of fact was not in order.

Plaintiff now contends that the Commission acted in excess of its powers in reversing the Administrative Law Judge's finding that claimant's evidence was not credible when the Commission, basing its decision on the record made before the Administrative Law Judge, did not hear or see the witnesses and took no new evidence.

But plaintiff has directed us to no case in this or any other jurisdiction which has held that an administrative tribunal is thus limited in reviewing the findings made by its hearing officer, and we have found none.

■ Our statutes do not mandate or indicate that the Commission is bound by the findings of the Administrative Law Judge when the evidence is conflicting. On the contrary, Section 35–1–82.54 provides that when a case is referred to the full Commission, it shall review the entire record, and may make its own findings of fact and enter its award thereon. In doing so it may, in its discretion, take further evidence. Though this Court cannot overturn the findings of fact made by the Commission if there is substantial evidence furnishing a reasonable basis for such findings,[1] there is nothing in our statutes which limits the power of the Commission itself in reviewing and adopting or reversing the findings of its Administrative Law Judge. Those Courts which have dealt with this question have uniformly held that an administrative tribunal, sitting en banc, is not limited by the examiner's findings, though, generally it must consider those findings as a part of the record as a whole.

The Colorado Court, in the case of *Warner v. Mullens*, 111 Colo. 60, 137 P.2d 420 (1943), interpreted statutes similar to ours, and held that though the Commission may take further evidence, it need not do so if it does not deem such a course necessary; and as long as the Commission's decision is based on a review of the entire record, the Commission is not restricted from reversing the findings made by a referee grounded upon conflicting evidence. The Colorado Court said in *Warner*:

"From the statutory limitations as to the grounds on which the courts may review the commission's award, it is apparent that even in a case where the commission has never seen the witnesses, it was the legislative intent that the commission's findings of fact nevertheless should be binding on the district court." *U.S. Fidelity & Guaranty Co. v. Industrial Commission*, 96 Colo. 571, 575, 45 P.2d 895.

And in *Travelers Insurance Co. v. Buice*, 124 Ga.App. 626, 185 S.E.2d 549 (1971), the Georgia Court reviewed an order of the Workmen's Compensation Board, which had reversed its deputy's findings that the claimant was not credible. That Court held that the Board had not acted in excess of its power, stating that on a review from an award to the full Board, the entire case is a de novo proceeding and the Board acts as a fact finding body and is the sole judge of

---

1. *Hackford v. Industrial Commission*, 14 Utah 2d 184, 380 P.2d 927 (1963); *Spencer v. Industrial Commission*, 87 Utah 336, 40 P.2d 188 (1935); and *Crow v. Industrial Commission*, 104 Utah 333, 140 P.2d 321 (1943).

the credibility of the witnesses, though the members of the Board were not present during the testimony.

The statutes in Arizona provide that the Commission may "affirm, reverse, modify, or supplement the award of the hearing officer". The Arizona Appellate Court held that the statute confers broad powers on the Industrial Commission, to review both the facts and the law in *Dickerson v. Industrial Commission,* 21 Ariz.App. 125, 516 P.2d 334 (1973) and *Colvert v. Industrial Commission,* 21 Ariz.App. 409, 520 P.2d 322 (1974); and the assertion that a limitation exists on the exercise of that power was not sustained in *Gonzales v. Industrial Commission,* 23 Ariz.App. 179, 531 P.2d 555 (1975).

In the State of Oregon, where the reviewing court reviews the case de novo, the Oregon Courts hold that though the findings of the hearing officer are entitled to some weight they are nevertheless not binding on the Workmen's Compensation Board nor the reviewing courts. See *Seriginas v. Fleming,* 20 Or.App. 659, 533 P.2d 183 (1975); and *Blisserd v. State Accident Insurance Fund,* 6 Or.App. 111, 486 P.2d 1312 (1971).

In *Dept. of Public Safety v. Jones,* Okl., 578 P.2d 1197 (1978), the Oklahoma Court stated that on appeal from the trial judge's order to the State Industrial Court, that Court reviews questions of law and fact and is authorized to enter an independent order if supported by evidence in the record. See also, *Edmonds v. Skelly Oil Co.,* 204 Okl. 471, 231 P.2d 360 (1951).

And in California, where the courts hold that though the claimant has the burden of proof, the Workmen's Compensation Act must be liberally construed in the employee's favor, the Court has said: "The final decision rests with the commission, and it may, if it sees fit, on the same record make findings of fact contrary to those made by the referee, and decide the case accordingly." *Evans v. Industrial Accident Commission,* 71 Cal.App.2d 244, 162 P.2d 488 (1945). In that case, the Commission was in agreement with its referee, but the Court annulled the Commission's decision and re-manded the case, as the referee had not given the claimant reasonable opportunity to present evidence to support his claim.

The United States Supreme Court, in *Universal Camera v. N. L. R. B.,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), noted that the responsibility for decisions lies with the administrative tribunal, rather than with its hearing officer, though the findings of the officer, who hears the evidence and sees the witnesses must be given some weight. In that case, the Supreme Court stated:

> The responsibility for decision thus placed on the Board is wholly inconsistent with the notion that it has power to reverse an examiner's findings only when they are "clearly erroneous." Such a limitation would make so drastic a departure from prior administrative practice that explicitness would be required. [340 U.S. at 492, 71 S.Ct. at 467]

Our statutes place the responsibility for decision on the Commission, and not on Administrative Law Judges. Under § 35–1–85, it is the *Commission* which has the duty to make findings of fact. The Administrative Law Judge's findings and order become final as an order of the *Commission* under § 35–1–82.52 if the Commission takes no further action in the case. Upon review, the Commission, pursuant to § 35–1–82.54 "shall review the entire record made in said case, and, *in its discretion* may hold further hearings and receive further evidence and make findings of fact and enter its award thereon." [emphasis added] The findings of the Commission are conclusive and final (§ 35–1–85) and the Commission's award may not be set aside unless such findings do not support the award made (§ 35–1–84).

■ We hold, therefore, that the Commission, sitting en banc, if it *deems* that further evidence is not necessary, need not hold further hearings, and in its review of the record made before the Administrative Law Judge, may make its own findings on the credibility of the evidence presented. The Commission's findings so made will not be disturbed by this Court if they are supported by substantial evidence.

In this case, the Commission found that an industrial accident occurred on November 15, 1976, whereas the Administrative Law Judge found that it had not occurred. The conflict in the testimony is that Schultz and his wife, whose testimony the Law Judge discounted because it was "self serving," testified that Schultz had not reported for work on November 16, giving as his excuse, that he had hurt his back the night before on the job. Aston, a temporary or part-time supervisor who took the call, testified that he did not remember that Schultz had reported that he had hurt himself on the job. Aston also testified that it is company policy that an accident report be made out if an accident is reported, and that he had not made out such a report.

The mere fact that a claimant does not report an industrial accident is not, of course, a ground for denying relief[2] though it does shed light on whether an accident in fact occurred. Plaintiff contends that the fact that Schultz did not report any trouble on the job from pain in his back throughout the month of December corroborates its position that no accident occurred. Schultz and his wife testified that he had continual and increasing pain, but Schultz readily admitted that he did not complain. Schultz' testimony is buttressed by the hospital records, however, which record that on being admitted to the hospital on January 17, 1977, Schultz reported that he had "twisted back a month ago shoveling at his work," his statement being recorded in Doctor Horne's medical records.

The Commission resolved all of these conflicts, as it is entitled to do, in favor of the employee. The Commission's finding is supported by substantial evidence on the record as a whole, and its order is, therefore, affirmed. Costs to defendant Schultz, against plaintiff.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

2. *Baker v. Industrial Commission*, 17 Utah 2d 141, 405 P.2d 613 (1965). See also, *Pitkin v. Industrial Commission*, Utah, 558 P.2d 1322 (1976).