Floyd JONES, Plaintiff,

v.

**OGDEN AUTO BODY and State Insurance Fund, Defendants.**

No. 17853.

Supreme Court of Utah.

April 29, 1982.

Pete N. Vlahos, of Vlahos, Perkins & Sharp, Ogden, for plaintiff.

Dale T. Browning, Ogden, for Ogden Auto Body.

James R. Black, David L. Wilkinson, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for Industrial Commission.

PER CURIAM:

Plaintiff appeals the denial of workmen's compensation benefits for injuries he allegedly suffered in an industrial accident in early 1976.

Plaintiff claims that he injured his right arm while working for Ogden Auto Body (hereafter "defendant"). He contends that what was later diagnosed as thrombosis resulted from a bruise incurred when he and

# 704

some co-workers were moving a "burned-out Vega clip" at defendant's shop. Plaintiff testified that he advised defendant shortly after the accident occurred and that he was instructed to file a claim with defendant's insurance carrier. When his injury did not improve, plaintiff filed a claim with the Industrial Commission in December, 1978.

After a hearing on August 29, 1980, the administrative law judge recited the evidence adduced and ruled as follows:

> Considering all of the evidence, the demeanor of the witnesses and particularly the written records, the Administrative Law Judge cannot find that an industrial injury occurred and, therefore, finds that the applicant is not entitled to workmen's compensation benefits.

On appeal, plaintiff contends that this finding constitutes "an arbitrary disregard of the evidence," warranting reversal.

■ The standard of review of an order of the Industrial Commission was recently stated in *Kaiser Steel Corp. v. Monfredi*, Utah, 631 P.2d 888 (1981) as follows:

> ... this Court's function in reviewing Commission findings of fact is a strictly limited one in which the question is not whether the Court agrees with the Commission's findings or whether they are supported by the preponderance of evidence. Instead, the reviewing court's inquiry is whether the Commission's findings are "arbitrary or capricious," or "wholly without cause" or contrary to the "one [inevitable] conclusion from the evidence" or without "any substantial evidence" to support them. Only then should the Commission's findings be displaced. [Bracketed language in original.]

■ In the instant case, the evidence was in conflict as to whether the injury was the result of an accident at defendant's shop. Applying the foregoing standard, we are compelled to affirm the order of the Commission inasmuch as there is substantial evidence contained in the record which supports the findings. Defendant denied receiving any notification of the accident and plaintiff's own witness (a co-worker) was equivocal as to whether an identifiable accident even occurred. There is nothing in the medical records to indicate that the injury was caused by an industrial accident; rather, plaintiff was initially diagnosed as suffering from "*spontaneous* thrombosis of the right subclavian axillary vein." The hospital admission record which was signed by plaintiff clearly indicated that the condition was *not* caused by an industrial accident. Not until subsequent hospital admission on May 27, 1980, for an operation to correct the condition is there any mention of it being industrially related. Shortly after plaintiff terminated his employment with defendant, he applied for and received unemployment compensation based on the representation that he was able to work.

■ Plaintiff also claims as a basis for reversal that the Industrial Commission's affirmance of the order of the administrative law judge violated plaintiff's constitutional right to due process. Specifically, plaintiff contends that he was not given a full and fair opportunity to be heard by the Commission and that it did not enter Findings of Fact and Conclusions of Law as required by U.C.A., 1953, 35–1–85.

On March 11, 1981, plaintiff filed a Motion for Review with the Industrial Commission alleging that the decision of the administrative law judge was contrary to the evidence. On June 4, 1981, the Commission (only two members sitting) ruled, in part, as follows:

> The Commission has reviewed the transcript and file in the above entitled matter and Commissioner Hadley is of the opinion that the Administrative Law Judge should be sustained since the Applicant did not mention anything about an accident to the treating physician while that physician was taking his history.
>
> Commissioner Saathoff is of the opinion that the Administrative Law Judge should be reversed because the Applicant did report the injury to his employer. Since there is one vote for sustaining the Administrative Law Judge and one vote to reverse the Administrative Law Judge,

the result is that the Administrative Law Judge is affirmed and the Motion for Review is denied.

█ The Commission can, and apparently in this case did, adopt the findings of the administrative law judge. Whether a hearing is held and whether further findings are made is a matter of discretion with the Commission. In *U. S. Steel Corp. v. Industrial Commission*, Utah, 607 P.2d 807 (1980), we unanimously held as follows:

> Our statutes place the responsibility for decision on the Commission, and not on Administrative Law Judges. Under § 35–1–85, it is the *Commission* which has the duty to make findings of fact. The Administrative Law Judge's findings and order become final as an order of the *Commission* under § 35–1–82.52 if the Commission takes no further action in the case. Upon review, the Commission, pursuant to § 35–1–82.54 "shall review the entire record made in said case, and, *in its discretion* may hold further hearings and receive further evidence and make findings of fact and enter its award thereon." The findings of the Commission are conclusive and final (§ 35–1–85) and the Commission's award may not be set aside unless such findings do not support the award made (§ 35–1–84).

The Commission's order is affirmed. No costs awarded.