**Robert J. MARTIN, Plaintiff,**

v.

**INDUSTRIAL COMMISSION OF UTAH, Leway Stamping Company, Inc., and/or State Insurance Fund, Defendants.**

**No. 20476.**

Supreme Court of Utah.

Aug. 5, 1985.

Michael G. Belnap, Ogden, for plaintiff.

David L. Wilkinson, Atty. Gen., Fred Silvester, Salt Lake City, for defendants.

PER CURIAM:

The plaintiff Robert J. Martin seeks a review from the Industrial Commission's order denying review of an administrative law judge order refusing Martin compensation for an injury he claims to have received on his job. We affirm.

On January 16, 1984, while employed by Leway Stamping Company, Martin and a fellow employee, Tom Burgess, were lifting a heavy metal die weighing approximately 400 pounds when Burgess slipped, shifting the weight to Martin. Martin contused his left middle finger and strained his left lower abdomen. He filled out an accident report that day, mentioning only the injury to the finger. Full compensation was made for that injury, and it is not at issue.

On February 9, 1984, Martin claims to have again experienced abdominal pain while unloading a roll of spring steel for his employer. On February 13, at the request of his employer, Martin filled out a second injury report, claiming a retracted testicle injury and tracing it to the January accident. No mention was made of the February 9 injury.

On February 14, Martin was examined by his own physician, Dr. Wright, who diagnosed retraction of the testis into the inguinal canal and ordered corrective surgery by Dr. Larsen, a urologist. An orchiopexy was performed on February 21. Leway Stamping and the State Insurance Fund denied compensation for the injury and consequential medical expenses.

After a hearing before the Industrial Commission, the administrative law judge denied Martin compensation, finding his testimony and the documents submitted into evidence inconsistent, unreliable, and completely lacking in credibility. In commenting on Martin's injury, the administrative law judge found as follows:

> The applicant had a condition of a retracted left testicle as far back as age 18 which two of the treating physicians noted was a reoccurring condition with none of the physicians noting the condition was related to an industrial incident. The administrative law judge finds that there is not sufficient evidence of an industrially related incident relating to the left testicle to submit the matter to a medical panel nor to make a finding that an industrial injury occurred affecting the left testicle. We therefore find that no industrial injury occurred on February 9 nor at any other time which caused the retracted testicle.

Martin claims that the findings of the Industrial Commission that he did not suffer an industrial accident were arbitrary and capricious and without any substantial

evidence to support them. He cites *Jones v. Ogden Auto Body and State Insurance Fund,* Utah, 646 P.2d 703 (1982), for the proposition that medical records supporting and documenting an industrial accident are critical. He claims that support was present in two letters, both dated October 9, 1984, written by Drs. Wright and Larsen.

In reviewing questions of fact, we defer to a great degree to the commission's findings and reverse only where they are without foundation in the evidence. *State of Utah v. Industrial Commission and Fulton,* Utah, 685 P.2d 1051 (1984). Our inquiry as the reviewing court is limited, and we will not set aside the Industrial Commission's order unless its findings are arbitrary and capricious, wholly without cause, contrary to the one inevitable conclusion from the evidence, or without any substantial evidence to support them. *Kaiser Steel Corp. v. Monfredi,* Utah, 631 P.2d 888 (1981). Under that standard of review, we hold that the administrative law judge's findings adopted by the commission are amply supported by the evidence in the record. Notes taken by Dr. Wright on January 25, 1984, relate to fever and sore throat but make no mention of any abdominal injury. An entry of February 8 or 9 notes that the testis retracts into the inguinal canal approximately three times a month. Dr. Larsen's notes on the February 14 examination comment that Martin has experienced retraction of the testis intermittently, but that "for the last two weeks [Martin] has noted he has to push the left testicle down into the scrotum." No claim of the work-related injury is noted. A history of present illness taken on the day before the operation states that "patient gives a history now for the last two weeks of having the same difficulty with the testicle resting up in the canal in an area where it is very accessible to injury in his job secondary to lifting heavy objects." Again, no industrial injury is mentioned. Martin's medical history discloses that he first experienced retraction of the testis when he was eighteen years old. Both physicians noted the condition recurred intermittently. Neither physician related it to an industrial injury. The physicians' letters relied upon by Martin do not constitute medical records and at best concede the possibility that work-related strain cannot be ruled out as a cause of the injury. Under those circumstances, the administrative law judge's findings were amply supported by record evidence.

The order is affirmed. No costs are awarded.