**Douglas R. OLSEN, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF UTAH, Tyger Construction, Wausau Insurance Company, and Second Injury Fund, Respondents.**

**No. 890327.**

Supreme Court of Utah.

Sept. 6, 1990.

---

Jay A. Meservy, Salt Lake City, for petitioner.

Michael Dyer, Brad C. Betebenner, Salt Lake City, for Tyger Const. and Wausau Ins. Co.

Erie V. Boorman, Salt Lake City, for Second Injury Fund.

ZIMMERMAN, Justice:

Petitioner Douglas R. Olsen challenges a decision of the Utah Court of Appeals upholding a determination by the Industrial Commission of the State of Utah ("the commission") that he is not entitled to workers' compensation benefits for injuries resulting from two heart attacks. Olsen claimed benefits on the ground that both heart attacks were compensable industrial accidents or, alternatively, that the first heart attack was a compensable industrial accident and the second attack was a direct result of the first. The commission denied Olsen's claims. The court of appeals upheld the commission's decision. On certiorari, Olsen claims that the commission acted improperly by granting undue deference to the medical panel. We hold that the commission's ruling is supported by substantial evidence, and we affirm.

Douglas Olsen was hired by Tyger Construction as a laborer in 1984. On October 29, 1984, Olsen had a heart attack while at work. The diagnosis was acute anterior wall myocardial infarction. Olsen claimed benefits and, without contest, received temporary disability benefits from October 30, 1984, through December 2, 1984.

On December 3, 1984, Olsen's attending physician released him and told him that he was free to return to work without limitation. Olsen returned to work and continued in Tyger's employ until he was laid off on November 22, 1985. Following his layoff, Olsen traveled with his wife to Colorado for a vacation. On December 2, 1985, while on vacation, Olsen suffered a second heart attack, which was subsequently diagnosed as myocardial infarction involving the inferior left ventricle wall. This second heart attack left Olsen permanently and totally disabled.

Olsen filed two claims for disability benefits. In the first claim, he requested additional benefits for the 1984 heart attack on the ground that the 1985 heart attack was related to the 1984 attack. In the second claim, he sought benefits for the 1985 at-

tack, contending that even if unrelated to the 1984 attack, it still qualified for coverage. The commission appointed an administrative law judge to hear the case and to resolve any factual disputes. The administrative law judge conducted an evidentiary hearing and referred its summation of testimony to a medical panel doctor, who opined that Olsen's heart attacks resulted from preexisting medical conditions and were not due to his employment activities. Olsen presented medical opinion evidence that conflicted with the panel doctor's opinion. After examining the conflicting medical evidence, the administrative law judge adopted the findings of the medical panel doctor and denied both of Olsen's claims.

Olsen appealed to the commission for review. The commission affirmed the administrative law judge's determination that the 1985 attack was not related to the 1984 attack and that the 1985 attack was not otherwise related to Olsen's employment. Benefits were denied. Olsen then appealed to the Utah Court of Appeals, which affirmed on the ground that a reasonable basis existed in the evidence to support the findings of the commission.

Olsen sought certiorari to review the court of appeals' decision, claiming that the commission erred in (i) giving undue deference to the medical panel, and (ii) reopening the issue of liability for the 1984 heart attack. We granted certiorari. After reviewing the briefs and hearing argument, we conclude that this matter can be affirmed for the reasons stated by the court of appeals. *See Olsen v. Industrial Comm'n*, 776 P.2d 937, 940–41 (Utah Ct. App.), *cert. granted*, 783 P.2d 53 (Utah 1989). However, we think it important for purposes of emphasis that we address Olsen's claim that by adopting the medical panel doctor's opinion rather than that of Olsen's experts, the commission gave improper deference to the medical panel.

■ In its "Order Denying Motion for Review," the commission wrote: "In cases where medical opinion controverting that of the medical panel is submitted, the Commission has in the past maintained a fairly consistent practice of deferring to the medical panel absent good reason shown why the medical panel report is insufficient or biased." This is clearly an incorrect statement of the law, as the court of appeals observed in a footnote. *See Olsen v. Industrial Comm'n*, 776 P.2d at 940 n. 2; *see also Rushton v. Gelco Express*, 732 P.2d 109, 111–12 (Utah 1986) (commissioner must look at *all* relevant evidence in making findings).

■ The commission is charged with hearing and deciding claims for benefits. In hearing claims, the commission can proceed in two ways. It can either hear the evidence itself, resolve any conflicts in the evidence, and enter findings of fact and conclusions of law or delegate the hearing function to an administrative law judge. *See Jones v. Ogden Auto Body*, 646 P.2d 703, 704–05 (Utah 1982). Upon the claimant's request, the commission will then review the administrative law judge's findings and order and may, at its discretion, choose to adopt them without further hearing. *See id.* at 705. In resolving factual disputes, the commission or the administrative law judge must always weigh any conflicting evidence, carefully considering all factors, without giving particular deference to either side. *See, e.g., Rushton v. Gelco Express*, 732 P.2d at 111–12.

■ In reviewing commission findings of fact, the reviewing court should inquire only whether the findings are "arbitrary or capricious." *Kaiser Steel Corp. v. Monfredi*, 631 P.2d 888, 890 (Utah 1981), *overruled in part on other grounds, Allen v. Industrial Comm'n*, 729 P.2d 15 (Utah 1986); *see also Park Utah Consol. Mines Co. v. Industrial Comm'n*, 84 Utah 481, 487–88, 36 P.2d 979, 981–82 (1934). From a review of the record, we conclude that the commission's ruling should be upheld despite its plainly incorrect statement about giving deference to the panel doctor. First, the remainder of the commission's order demonstrates an appropriate analysis of the evidence rather than a perfunctory

acquiescence in the panel doctor's opinion.[1]

Second, the commission adopted the findings of the administrative law judge, and there is no indication that he deferred to the panel doctor. The administrative law judge articulated several sound reasons for finding the opinion of the medical panel more credible than that of Olsen's experts. Specifically, he wrote:

> The file indicates several positive risk factors for heart attack. The applicant's family history indicates that his father died at the age of 56 of a heart attack, and that he had also had three heart attacks in his 40's. Mr. Olsen's father also had diabetes and he has two brothers that also have that condition. The applicant's mother has high blood pressure as does the applicant. Mr. Olsen started smoking at age 16 and smoked one pack per day. He discontinued smoking in 1982, and had put on some weight as a result. Just before his heart attack of October 29, 1984, he had resumed smoking again. The applicant's medical records indicate that he has high cholesterol levels and elevated LDL and trigylceride [sic] levels.

In addition, the administrative law judge mentions the report of at least one other physician, Dr. Perry, who supports the medical panel doctor's opinion that the two heart attacks were not related.

Because ample evidence exists to support the findings entered below and because it is clear that neither the commission nor the administrative law judge, whose findings it adopted, deferred to the medical panel, we affirm the decision of the court of appeals. The erroneous statement by the commission amounted to harmless error. *See* Utah R.Civ.P. 61; *see also Landes v. Capital City Bank,* 795 P.2d 1127, 1132 (Utah 1990) (affirming court of appeals even though analysis flawed).

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.

---

1. In its order, the commission writes further: In the instant case, the medical panel doctor is a well respected specialist in cardiology and his report is clear and unequivocal regarding his conclusions that the infarction was caused by pre-existing conditions and not exertional activity. Although Dr. Heuser and Dr. Davidson make contrary conclusions, the reasons for those conclusions are not stated. In contrast, the medical panel doctor's conclusions are explained with a listing given of the numerous pre-existing conditions suffered by the applicant predisposing him to cardiac arrest. There appears no good reason to reject the medical panel report, there being no insuffi-ciency in the explanation and no bias. Therefore, the Commission must deny the applicant's Motion for Review and affirm the Administrative Law Judge.

As the court of appeals noted, this statement makes it clear that the commission did, in fact, consider the conflicting evidence before it adopted the findings of the medical panel doctor. *Olsen v. Industrial Comm'n,* 776 P.2d 937, 940 n. 2 (Utah Ct.App.1989). It is also clear that the commission did not defer to the medical panel, but instead simply affirmed the administrative law judge's finding that the medical panel's report was the more credible one.