2013 UT App 291

**Annette SCOTT, Petitioner,**

v.

**LABOR COMMISSION; Garden Burger, Inc.; and Workers Compensation Fund, Respondents.**

**No. 20120526–CA.**

Court of Appeals of Utah.

Dec. 12, 2013.

---

David J. Holdsworth, Sandy, Attorney for Petitioner.

Jaceson R. Maughan, Attorney for Respondent Labor Commission, Floyd W. Holm, Attorney for Respondents Garden Burger, Inc. and Workers Compensation Fund.

Judge JAMES Z. DAVIS authored this Memorandum Decision, in which Judge MICHELE M. CHRISTIANSEN and Senior Judge PAMELA T. GREENWOOD concurred.[1]

DAVIS, Judge:

¶ 1 Annette Scott seeks review of the Utah Labor Commission's decision upholding the administrative law judge's (ALJ) ruling that she is not eligible to receive workers' compensation benefits for a 2002 neck injury that she alleges required surgery in 2011. We decline to disturb the Commission's decision.

¶ 2 Scott presents two issues on review. First, she asserts that the Commission abused its discretion by not considering her late-filed medical evidence. The Commission is granted broad discretion in how it conducts its review of an ALJ's decision, *see* Utah Code Ann. § 34A–2–802(1) (LexisNexis 2011), and is permitted to "make its own findings of fact" and "take further evidence," *United States Steel Corp. v. Industrial Comm'n,* 607 P.2d 807, 810 (Utah 1980). *See* Utah Code Ann. § 34A–1–303(4)(c) (LexisNexis Supp.2013); *Jones v. Ogden Auto Body,* 646 P.2d 703, 705 (Utah 1982) (per curiam) ("[W]hether further findings are made is a matter of discretion with the Commission."). We review the Commission's decision to exclude Scott's late-filed medical evidence for an abuse of discretion. *See United States Steel,* 607 P.2d at 810.

¶ 3 Scott also contends that substantial evidence does not support the Commission's decision to uphold the ALJ's ruling that the 2002 work accident was not the cause of her 2011 neck condition. "Substan-

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

tial evidence has been defined as that quantum and quality of relevant evidence that is adequate to convince a reasonable mind to support a conclusion." *Acosta v. Labor Comm'n*, 2002 UT App 67, ¶ 29, 44 P.3d 819 (citation and internal quotation marks omitted). We "give deference to the initial decision maker on questions of fact because it stands in a superior position from which to evaluate and weigh the evidence and assess the credibility and accuracy of witnesses' recollections." *Carbon Cnty. v. Workforce Appeals Bd.*, 2013 UT 41, ¶ 6, 308 P.3d 477; *see Murray v. Utah Labor Comm'n*, 2013 UT 38, ¶¶ 19–20, 308 P.3d 461. We address each argument in turn.

## I. Excluded Evidence

■ ¶ 4 The new medical evidence that the Commission excluded consists of two medical reports from Scott's physicians that she submitted to the Commission in connection with her Motion for Review. One report contains her treating physician's criticism of the medical panel's report and the ALJ's ruling. The other report is largely composed of Scott's surgeon's notes about her post-operation condition but contains one sentence in which the surgeon attributes Scott's 2011 neck condition to her 2002 work accident. Scott describes this new evidence as proof that her 2002 work accident caused her 2011 condition. She does not dispute that she submitted the evidence late; rather, she contends that the Commission abused its discretion when it excluded such "extremely helpful" evidence, regardless of its timeliness.

¶ 5 We fail to see how these two medical reports contain any new or "extremely helpful" evidence. Both the Commission and ALJ included in their findings the same two physicians' opinions that Scott's 2011 neck condition was "medically caused by the September 9, 2002 industrial accident." In fact, these two physicians' opinions as to causation, which are in disagreement with other medical opinions in the record, prompted the ALJ to refer the issue of causation to a medical panel in the first place. Accordingly, because this information was already in the record presented to the Commission, the Commission's exclusion of the late-filed medi-

cal reports does not undermine the requirement that it consider all of the evidence in making its determination, *see Resort Retainers v. Labor Comm'n*, 2010 UT App 229, ¶ 29, 238 P.3d 1081. The Commission acted well within the bounds of its broad discretion when it excluded these two reports. *See* Utah Code Ann. § 34A–2–802(1) (granting the Labor Commission the discretion to conduct "its investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of the chapter"); *cf.* Utah Admin. Code R602–2–2(B) ("Where there is a proffer of new written conflicting medical evidence, the [ALJ] may, in lieu of a hearing, re-submit the new evidence to the panel for consideration and clarification."); *Certified Bldg. Maint. v. Labor Comm'n*, 2012 UT App 240, ¶ 15, 285 P.3d 831 (noting that rule R602–2–2(B) of the Utah Administrative Code is "expressly permissive").

## II. Substantial Evidence

■ ¶ 6 Scott contends that the Commission's decision is not based on substantial evidence. Specifically, she contends that the medical evidence indicating that she consistently complained of neck pain from 2002 to 2011, which culminated in her 2011 neck surgery, demonstrates that her 2002 trauma caused her 2011 condition by "triggering a progressively weakening and degenerative process."

¶ 7 "We have no disagreement with [Scott's] argument that it would be unjust and impermissible for the Commission to obdurately ignore clear, credible and uncontradicted evidence so that its action is arbitrary and unreasonable," but that is not what occurred here. *See Shipley v. C & W Contracting Co.*, 528 P.2d 153, 155 (Utah 1974). The Commission recognized the medical evidence supporting Scott's theory of causation that her "history of right-sided neck and upper-back pain for which she received chiropractic treatment" "shows a causal connection between the accident and her [2011 neck condition]." Nonetheless, the Commission explained that it was ultimately not convinced by this position "in light of the medical evidence and the [medical] panel's re-

port," which described her "right-sided symptoms leading up to the [2011] surgery [as being] in sharp contrast [to the left-sided symptoms] she experienced following the [2002] accident." The Commission indicated that it was persuaded more by the medical panel's report and viewed the other medical evidence in a manner contrary to Scott's theory of causation. The Commission "properly considered the differing" medical opinions and "resolved the[ ] differences" against Scott. *See Resort Retainers,* 2010 UT App 229, ¶ 29, 238 P.3d 1081. "The record contains substantial evidence supporting the Commission's findings," *see id.,* and we will not overturn its findings simply because "another conclusion from the evidence is permissible," *see Hurley v. Board of Review of the Indus. Comm'n,* 767 P.2d 524, 526–27 (Utah 1988).

¶ 8 In conclusion, the Commission did not abuse its discretion by excluding Scott's late-filed medical evidence. And the Commission's decision to uphold the ALJ's ruling is based on substantial evidence. Accordingly, we decline to set aside the Commission's decision.